## J. P. CHINN V. J. W. BRETCHES *et al.*

1. ACTION—*Dismissal—Reinstatement.* Where an action is dismissed for want of prosecution, and on the next day the order of dismissal is set aside and the case reinstated upon proper terms, *held,* no error in setting aside the order of dismissal and reinstating the case.

2. TENDER, *When Useless.* Where one party by his acts renders a tender useless and foolish, the other party is not required to make the tender.

*Error from Pratt District Court.*

ACTION by *Bretches* and another against *Chinn,* to recover $300. Trial at the April term, 1887, and judgment for plaintiffs for $177. The defendant brings the case to this court. The opinion states the facts.

*R. F. McGrew,* for plaintiff in error.

*Noffsinger & Carskadon,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action commenced by J. W. Bretches and G. S. Miller before a justice of the peace of Pratt county against J. P. Chinn, for the sum of $300. After judgment in the justice's court, the defendant appealed to the district court, where, on the night of December 17, 1886, the case was regularly called for trial, and the plaintiffs not appearing, it was dismissed for want of prosecution. On the next day the plaintiffs appeared and moved the court to set aside the order of dismissal, and to reinstate the case on the docket, and filed the following affidavit, to wit:

"G. S. Miller, first being duly sworn, upon his oath states that he is one of the plaintiffs in the above-entitled action, and that the plaintiffs have a just and valid claim against the defendant, which they will be able to prove if the order in the above-entitled action may be set aside dismissing the same for want of prosecution, and a trial granted. Affiant further states that he was ready for trial on the 17th day of December, 1886, and had reached Pratt in the morning of said 17th day of December, 1886, on their way to Iuka for trial of said action,

and being informed by their attorney that the court was engaged in the trial of the county-seat case, and it would be impossible to try said action on said day, and relying on said information, said plaintiffs' affairs needing their attention at home, returned home to return the next day. That they had no knowledge or information that said action would be tried on the night of the 17th, or they would have been at Iuka at said time for trial of said action; that they reside 18 miles from Iuka, and that they received information through one Sessler, claiming to have been sent by W. W. Noffsinger, about half-past seven or eight o'clock, that said case would be tried that night. After getting said information plaintiffs got ready as soon as possible and started for Iuka, arriving there about 4 o'clock in the morning of the 18th, 1886; that at the last term of this court the plaintiffs were in attendance four days, waiting for a trial of said action; also, plaintiffs had been in attendance two days of this court, waiting for this action to be set for trial."

The court heard the motion and sustained the same, making the following order, to wit:

"It is therefore ordered and adjudged that the former order and judgment in this case dismissing this action for want of prosecution be and the same is hereby vacated and set aside, and the cause retain its place upon the trial docket as before said order and judgment, and that plaintiffs pay all of the costs in this action to this time, taxed at $——; and for the same let execution issue."

After making this order the court continued the case to the next term. At the next term the case was tried before the court without a jury, and judgment was rendered in favor of the plaintiffs and against the defendant for the sum of $177, and costs; and the defendant, as plaintiff in error, brings the case to this court.

I. The plaintiff in error, defendant below, as a first point, claims that the court below erred in setting aside the order of dismissal and in reinstating the case on the trial docket. Now this case is not governed by the rules relating to the granting of new trials where a party has had a trial, and a trial upon the merits of the case. For the order of dismissal was not a trial, or the result of a trial of any kind. Nor is this case governed by the rules which obtain where a party has waited

many days, or weeks, or months, or until the next term of the court, before he asks for any relief or seeks any redress; for the plaintiffs in this case, defendants in error, appeared on the very next morning after the dismissal at night and at the same term of court, and asked to have the order of dismissal set aside. The power of the court to set aside orders of dismissal when relief is sought at the same term and at the earliest moment is almost unlimited, and especially so where proper terms are imposed, or such terms as were imposed in the present case. The court in this case required the plaintiffs to pay all the costs which had accrued up to the time of the setting aside of the dismissal. Under such circumstances the defendant could lose but little by the order reinstating the case, for when the plaintiffs' case was dismissed, they failed in their action otherwise than upon the merits, and therefore they had at least one year within which to commence another action; (Civil Code, § 23;) and if they had been forced by a refusal to set aside the order of dismissal to commence a new action, such a proceeding would have subjected the defendant to the payment of more costs than he will be required to pay as the case has been actually conducted. In connection with this question, see the cases of *The State v. Sowders*, just decided, and *The State v. Hughes*, 35 Kas. 626, 633.

II. As a second and final point the plaintiff in error, defendant below, claims that the evidence does not sustain the judgment, and this for the reason that the plaintiffs below did not make a tender of certain things which the plaintiff in error claims ought to have been tendered. The action is for damages for an alleged breach of a contract. The contract was for the exchange of threshing-machines, with their accompaniments. The plaintiffs were to receive from the defendant his threshing-machine and engine, and in consideration therefor they were to deliver to him their threshing-machine and horse-power and a promissory note of $1,300, secured by a second mortgage on certain real estate belonging to them. The plaintiffs, however, were to have the privilege of trying the defendant's threshing-machine before the final consummation of the

trade, and they did so try it on the farm of Louis Lockart, which took three or four days, and "they were satisfied with it, and started to take it to their home, but on the way the defendant stopped them, and would not let them go any further with it. Plaintiffs told the defendant that they had tried the machinery, and were ready to go to Pratt and execute the note and mortgage and turn over the other machinery, but they did not do so, and plaintiffs did not tender to defendant their note and mortgage except as before stated, by offering to go to Pratt and execute the note and mortgage." It does not appear that the defendant gave any testimony or introduced any evidence of any kind. It does not appear what he said when the plaintiffs offered to go to Pratt and fulfill their part of the contract; but from the evidence that was given we think the court below was justified in finding that it was the defendant who refused to fulfill and perform the contract and not the plaintiffs; and that except for the acts of the defendant the contract would have been completely performed. If the defendant did not want to go to Pratt to have the contract fulfilled there, he should have said so, and permitted the plaintiffs to perform their part of the contract somewhere else. From the evidence it may fairly be inferred that the defendant was not willing to perform his part of the contract anywhere or at any time; and that his refusal to permit the plaintiffs to have further charge of the machinery, was a refusal to fulfill the contract on his part, and such refusal was a sufficient waiver of all acts of tender on the part of the plaintiffs. The plaintiffs were not bound to perform the useless and foolish thing of tendering to the defendant a note and mortgage and their threshing-machine after he had refused to perform the contract on his part, and when they knew he would not accept them if tendered.

The judgment of the court below will be affirmed.

All the Justices concurring.