E. R. SHERWIN, *Appellant,* v. C. P. BAXTER *et al.,*
*Appellees.*

No. 17,488.

#### SYLLABUS BY THE COURT.

VENDOR AND PURCHASER — *Insufficient Abstract — Payment — Tender—Recovery.* In an action by a vendee to recover the money advanced upon a contract to purchase land, where the delivery of an abstract showing a good title is to be made by the vendor simultaneously with a further payment by the vendee who is ready, able and willing at the proper time to make the payment and so informs the vendor, who does not furnish the abstract then or afterward, a formal production of the cash is not required, as a condition precedent to an action.

Appeal from Chautauqua district court. Opinion filed March 9, 1912. Reversed.

*J. E. Brooks,* for the appellant.
*W. H. Sproul,* and *J. A. Ferrell,* for the appellees.

The opinion of the court was delivered by

BENSON, J.: This is an action to recover an advance payment made on a contract to purchase land. A demurrer to the plaintiff's evidence was sustained and he appeals.

The agreement was negotiated between the appellant and an agent for the appellees who signed it for them. The evidence of the appellant tends to prove the fol-

lowing facts: The contract was signed on August 25, 1909, and left with the agent, who stated that he must send it to his principal in another place for approval before it was a complete deal. Two hundred dollars was advanced by the purchaser and a receipt was given by the agent therefor, specifying that the money was to be held by the agent until the contract was accepted by the vendors.

The material parts of the contract were:

"Parties of the first part hereby agrees to sell to party of the second part, for and in consideration of $4000.00, as follows: $200.00 in cash for which this is a receipt, and $800.00 to be paid on or before Jan. 1, 1910, and a mortgage given by E. R. Sherwin and wife, Minnie M. Sherwin to parties of the first part for $3000.00 for 5 years drawing 6% interest per annum, interest payable semi-annually, the following described property to-wit: . . . Said first party agrees to pay the taxes for 1909, and to furnish said second party a warranty deed, clear [of] all incumbrance, and an abstract of title showing the same."

The appellant called frequently upon the agent to inquire whether the contract had been returned. In October following the date of the agreement the agent informed the appellant that it had been returned and the appellant then asked for the abstract for examination but it was not furnished. On December 28, the agent called the appellant by telephone and said he was ready to complete the deal. Thereupon the appellant and his wife proceeded to the agent's office where the agent presented a note and mortgage for the deferred payments, ready for signatures, and requested Mrs. Sherwin to sign the papers while her husband should examine the abstract which the agent said was in his safe. The wife proceeded to sign the papers, but the abstract could not be found in the office, the signing for that reason was not completed, and the conference was ended for that day. On January 1, the appellant again asked the agent for the abstract and was told that he did not

have it.   On that day, and on January 2, the appellant
was ready, willing and able to complete the contract on
his part.   He had the $800 to be paid, part of it in his
pocket, a money order for part, and part in a bank.   He
said to the agent that he had the money and was ready
to carry out his part of the contract, but made no
formal tender of the cash or of a note and mortgage
executed by himself and wife.   An abstract of title was
not presented to appellant, although he requested it, and
had employed an attorney to examine it.   The appellant,
sometime before January 1, 1910, told the agent that if
the abstract was not ready by that date he wanted his
money back, that he wanted it straightened up at that
time, as he would have to move and wanted a place to
go to.   Again he testified:

"I told him that I wanted it straightened up or I
wanted my money.

"Q.  What did he say?   A.  He said that he would
give me my money back."

No offer was ever made by the agent or by any one for
the appellees to furnish an abstract.   None was shown
to the appellant or to any one for him until it was
shown to his attorney at the attorney's request in Sep-
tember, 1910.   It had not been brought down to a date
later than the year 1907.

On January 5, 1910, the appellant purchased and
moved to another farm, and before commencing this
action on September 30, 1910, demanded the return of
the $200 paid on the contract.

The appellees urge in support of the ruling sustain-
ing the demurrer that a tender of the $800 to be paid
on January 1, and a note and mortgage for the deferred
payments duly executed, was a condition precedent to
a recovery of the money advanced.   While it is often
said that a tender of performance is necessary in such
cases, it is not meant that a party must make a formal
legal tender by producing cash and securities in every
case, regardless of circumstances.   If useless or vain it

is not required. (*Chinn v. Bretches,* 42 Kan. 316, 22 Pac. 426; *Golden v. Claudel,* 85 Kan. 465, 118 Pac. 77; *Brown v. Reichling,* ante, p. 640.) The appellant was ready to comply with the contract and he went promptly to the appointed place intending to complete the transaction, and was only prevented by the failure of the vendor to produce the abstract as agreed. The agreement for an abstract implies an opportunity to examine it, an opportunity that he had sought before, and again sought when he was called to the agent's office, and afterwards. Some importance is attached by the appellees to the purchase of another farm, but the necessity of moving, stated to the vendor's representative, explains this and fails to show any bad faith. Having asked for the abstract and been informed before and after the day specified in the contract that it was not in the agent's hands it devolved on the appellee or his representative to produce it. Not having done so, in view of all the circumstances shown the appellant made out a *prima facie* case. The subject of tender in such cases was considered in *Niquette v. Green,* 81 Kan. 569, 109 Pac. 178, where it was said:

"No formal tender to the defendants before the action was begun was made. . . . If the defendant puts himself in an attitude of default tender to him is unnecessary. It could serve no purpose so far as he is concerned and would be a mere formality. Equity does not insist on purposeless conduct, and disregards mere formalities." (p. 581.)

In the same case it was said that the law gave the purchaser time to examine the abstract. In this case the appellant was not bound to part with his money until the abstract was at least presented for his examination, which was never done. An offer to perform made in good faith by a party ready and able to do so is all that ought to be required in such a situation, whether the action be for specific performance or for recovery of money advanced. Having made such an

offer in the circumstances stated, and requested an abstract of title according to the agreement, which was not presented then or afterwards, the appellees were in default.

The judgment is reversed with directions to overrule the demurrer and proceed with the case.