ALONZO SMETHERS, *Appellee,* v. W. S. LINDSAY et al., *Appellants.*

No. 18,068.

SYLLABUS BY THE COURT.

SALE OF REAL ESTATE—*Oral Contract—Part Performance—When Tender Unnecessary.* The rules that a finding or determination by the trial court supported by competent evidence must stand, that a tender is unnecessary when its futility is shown, and that part performance and possession take an oral contract for the sale of real estate out of the operation of the statute of frauds, followed.

Appeal from Greenwood district court. Opinion filed April 12, 1913. Affirmed.

*O. C. Zwicker,* of Eureka, for the appellants.
*Howard J. Hodgson,* of Eureka, for the appellee.

The opinion of the court was delivered by

WEST, J.: Defendant W. S. Lindsay owned 120 acres of land adjoining a large pasture owned by the plaintiff and made an oral agreement with him to sell the tract at $20 an acre, receiving a payment of $50 on the purchase price, the remainder to be paid and a deed given on or before the 10th of March. The plaintiff took possession of the land and moved a division fence and repaired the fence along the boundary. On March 1 the time of payment was extended to May 1 at the request of the plaintiff. Up to this point the parties substantially agree. Lindsay contends that about March 1 Smethers said he could not raise the money, but if Lindsay and wife would sign a contract he would pay the 1st of May, and that Lindsay replied: "Well, I told him that we were ready to make the deed whenever he furnished the money"; that later Smethers agreed to pay six per cent from the 1st of March and was to pay the taxes; that he met Smethers in November, when Smethers offered to pay $70 and said

this would make $120, for the pasture, and they would call the deal off; that the remainder of the purchase price was never tendered. Lindsay also testified that "we were always ready" to make a deed if Smethers paid the $2350 and six per cent interest. Smethers' version of the affair was that when he called for a written contract Lindsay said he did not need any contract, but when ready to pay the money the deed would be made; that at the November talk he complained that Mrs. Lindsay would not sign the deed, but that when she got in a humor to do so the deed would be made. The trial court believed the plaintiff's story, which was corroborated by Mr. Sumner, who testified that Mrs. Lindsay stated in his presence that they got ready to sign the deed and started in a buggy with her son and was passed by her husband, who, when she arrived, instead of having a deed ready had "hired a lawyer to fight the case." Mrs. Sumner testified that Mrs. Lindsay told her frequently that she was ready to sign the deed any time that her share of the money was provided.

The court found that the plaintiff had tendered the money into court and was entitled to a deed.

We think the evidence and the circumstances and conduct shown thereby justify the conclusion reached.

The plaintiff testified that in November he told defendant W. S. Lindsay that he had the money and wanted to pay for the land, "and he says no use of tendering me any money and he says I can not make a deed, and I will not make the deed." This avoided the necessity of a formal tender, and the offer to pay the money into court was all that he was required to do. It is argued that the petition was demurrable because the contract was not in writing. But it alleged part performance, possession and tender. After the demurrer was overruled the defendants answered admitting the oral contract to sell, the payment of $50, the taking of possession (without the knowledge or

consent of the defendants), and further .alleged an abandonment in November of the contract and of the land by the plaintiff. An attempt was made to claim lack of knowledge of the contract on the part of the defendant's wife, but this was not sustained by the evidence. Failure of tender is argued, but a tender is not necessary when it would be futile. (*Sherwin v. Baxter*, 86 Kan. 730, 121 Pac. 1128, and cases cited.)

Mr. Lindsay in his answers to the following questions disclosed, we think, the cause of his reluctance to make the deed:

"Q. At the time that you were selling this land to Mr. Smethers at $20.00 per acre that was a fair value for the land? A. It might have been then but it is not now.

"Q. You do not think it is now? A. No, sir.

"Q. What do you think the land is worth now? A. I think $25.00 an acre."

Finding no error in the record the. judgment is affirmed.