No. 20,542.

WILLIAM V. GIRTEN, *Appellee*, v. THE NATIONAL ZINC COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. WORKMEN'S COMPENSATION ACT — *Remarks of Trial Judge During Trial—Judgment in Lump Sum—Judicial Discretion.* In a colloquy between court and counsel before beginning the empaneling of a jury to try a case under the workmen's compensation act, the court in response to a suggestion that as long as the employer is not in default no action to recover can be brought, replied: "That theory would shut a man out from his right to recover a lump sum and would not give him any discretion." *Held,* that neither this remark nor the instructions show that the court failed to exercise its discretion in the matter of periodical payments or lump sum judgment.

2. SAME—*General Verdict—No Material Error.* While the jury returned a general verdict they also made the necessary findings on which the court could enter judgment and hence such general verdict did not constitute material error.

3. APPEAL—*Only Matters in Record for Review.* Notwithstanding section 580 of the civil code causes on appeal must be determined upon the record coming from the trial court. (*In re* Burnette, 73 Kan. 609, 85 Pac. 575; *Hess v. Conway*, 93 Kan. 246, 144 Pac. 205.)

4. EXCESSIVE JUDGMENT—*Modified.* On account of an excess in the judgment it is ordered modified. It is then affirmed.

Appeal from Wyandotte district court, division No. 3; HUGH J. SMITH, judge. Opinion filed June 10, 1916. Modified.

*E. S. McAnany, M. L. Alden,* both of Kansas City, *Adrian F. Sherman,* and *Thad B. Landon,* both of Kansas City, Mo., for the appellant.

*William G. Holt, J. K. Cubbison,* both of Kansas City, *L. F. Bird, H. G. Pope,* and *E. C. Whitesitt,* all of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

WEST, J.: The defendant appeals from a lump sum judgment under the workmen's compensation act. It is claimed that the trial court treated the case as one for damages and not as one for compensation and exercised no discretion as to the matter of periodical payments or lump sum judgment.

The petition alleged that before the suit was brought plaintiff requested defendant both orally and in writing to settle with him for his injuries, which request was refused and that the defendant denied any liability; that the defendant had not made any agreement of settlement with the plaintiff or offered or tendered any or asked any arbitration concerning the damages to the plaintiff and that no committee existed for the purpose of settling disputes under the statute. The answer admitted the employment and the injury but denied the extent thereof and averred that before the suit was begun an offer was made of periodical payments as required by the statute and refused. It appears that before the jury were empanelled it was suggested by counsel to the court that so long as the employer is not in default under the workmen's compensation act no action to recover can be brought, to which the court replied: "That theory would shut a man out from his right to recover a lump sum and would not give him any discretion." Later on in the colloquy counsel for the plaintiff stated that "A man has a right to ask for a lump sum settlement, and if they do not give it he has a right of action." Counsel for plaintiff deeming the matter in the nature of a plea in abatement requested that it be tried by the court, which request was refused.

The jury were instructed, among other things, that if they should find that the plaintiff was so injured as to disable him

totally for a period succeeding the first two full weeks and that the defendant had been paid the amount ascertained to be due him under the terms of the act or tendered it, "then you will allow him an amount for such total incapacity, computed according to the rule above given you, to be reckoned from a date two full weeks after the 29th day of April, 1915, as above stated to the termination of the period of such total incapacity, if any, shown by the evidence, as you shall find from the evidence he is entitled to receive." They were also instructed that if they found partial incapacity to determine the length of time it would exist and also whether he was totally incapacitated for any period, the rules for compensation therefor being given.

It is claimed that the remark and instruction of the court show that no discretion was exercised as to whether the judgment should be for a lump sum or in periodical payments and that the court acted arbitrarily. Complaint is made that under the evidence as to duration of partial incapacity the question was one of mere guess work and speculation. The question is asked: "What is to happen should the plaintiff recover within a short time?" but it might also be asked "What would happen should he continue to grow worse?" It is contended that it was error to permit the jury to bring in a general verdict or given sum and that it was the duty of the court to have the jury find the facts on which the judgment for a lump or for periodical payments should be entered by the court. While admitting that under section 36 of chapter 218 of the Laws of 1911 the matter is discretionary as to which sort of judgment shall be entered, it is insisted that no discretion was exercised and that such failure vitiates the judgment.

In addition to the general verdict the jury answered seven special questions finding, among other things, that the partial incapacity began six weeks from the date of the accident and had continued to the time of the trial and would continue 350 weeks; that the average wage per week which the plaintiff had received fifty-two weeks next before the accident was $16.82; that the average wage which he would probably earn during such incapacity is $10 a week. It is argued that the general verdict and the judgment thereon are excessive; that for the four weeks of total incapacity four times one-half of

$16.82 would be $33.64; that for 350 weeks partially incapacitated at $3.41 a week, 50 per cent of the difference between $10 a week and $16.82 would be $1193.50, which added to $33.64 would make $1227.14 instead of $1503.64, showing an excess of $276.50. It is conceded by counsel for the plaintiff that the general verdict of the jury was only advisory to the court and it is contended in their brief that he was entitled to recover for partial incapacity for 410 weeks and therefore that the amount awarded was too small. But the jury found the period of partial incapacity to be 350 weeks, hence the defendant's contention that the judgment is excessive is correct.

Neither the remark nor the instructions of the court convince us of failure to exercise the discretion vested by the statute.

The allegation of an offer to pay was not supported by proof and was not a bar to the maintenance of the action. (*Halverhout v. Milling Co.*, 97 Kan. 484, 155 Pac. 916.)

Affidavits have been filed touching the injury suffered by the plaintiff on which some doubt was cast by the argument of defendant's counsel, but the case must be determined upon the record coming to us from the trial court. (*In re Burnette*, 73 Kan. 609, 85 Pac. 575; *Hess v. Conway*, 93 Kan. 246, 144 Pac. 205; *Haseltine v. Nuss*, 97 Kan. 228, 231, 155 Pac. 55.)

The record discloses no material error save the excess in the amount of the judgment.

The judgment is ordered modified by a deduction therefrom of $276.50, and thus modified it is affirmed.