No. 20,830.

STANLEY ODROWSKI, *Appellee,* v. SWIFT & COMPANY,
*Appellant.*

OPINION DENYING MODIFICATION OF JUDGMENT.

Appeal from Wyandotte district court, division No. 3; WIL-
LIAM H. McCAMISH, judge.  Opinion denying a modification of
judgment filed January 18, 1917.  (For former opinion of re-
versal see *ante,* p. 163.

*Russell Field,* of Kansas City, Mo., for the appellant.

*J. K. Cubbison, William G. Holt,* both of Kansas City, *L. F.
Bird,* and *H. G. Pope,* both of Kansas City, Mo., for the ap-
pellee.

The opinion of the court was delivered by

MASON, J.:  A judgment for the plaintiff under the work-
men's compensation act was reversed and a judgment for the
defendant was ordered on the ground that a release executed
by the plaintiff was a bar to his recovery unless set aside, and
that no sufficient reason for setting it aside had been shown.
(*Odrowski v. Swift & Co., ante,* p. 163.)  The plaintiff
now asks that the order of this court be modified so as to di-
rect a new trial instead of a final judgment.  The questions
of law presented have been reëxamined and the court adheres
to the view expressed in the original opinion that the evidence
did not justify setting aside the release.  Inasmuch as the
plaintiff had full opportunity at the trial of the case to show
any sufficient reason why that action should be taken, and
failed to do so, we do not think the ends of justice require that
he should now be given a second hearing on the chance that
he might be able to better his showing.

In the original opinion it was mentioned that in *Girten v.
Zinc Co.,* 98 Kan. 405, 158 Pac. 33, a judgment under the
workmen's compensation act was reduced by this court with-
out observing that the reduction brought it below the statutory

minimum. In the application for a modification of the judgment in the present case counsel say:

"In the Girten case, on' motion for rehearing, the attention of the court was specifically called to the error of the court in reducing the amount of the judgment, but the court overruled the motion for rehearing and yet in this Odrowski case admitted the erroneous ruling of the court in the Girten case."

In this counsel are mistaken. In the Girten case the attention of the court was not called to the error referred to. The only petition for a rehearing was filed by the defendant, and it made no reference to the amount of the judgment. The plaintiff made no application to have the judgment changed, but in a written argument against a motion to tax the costs of the appeal against him, because it had resulted in reducing the amount of his recovery said: "The judgment [of the district court] was modified slightly to comply with previous decisions of the supreme court."

The motion to modify the judgment is denied.