### No. 20,615.

THE KEMPER GRAIN COMPANY, *Appellant* and *Appellee,* v. THE FARMERS' GRAIN & ELEVATOR COMPANY OF CUNNINGHAM, *Appellee* and *Appellant.*

#### SYLLABUS BY THE COURT.

1. CONTRACT—*Sale of Wheat—Breach—Futility of Tender—Tender Unnecessary.* A contract for the purchase of wheat contained the provision that to make a valid tender a bill of lading must be proffered. The seller advised the buyer of its readiness and willingness to ship two cars of the grain covered by the contract and was notified not to ship, that the buyer would turn down the drafts and refuse to accept. *Held,* that under these circumstances a formal tender was rendered unnecessary, the settled doctrine being that a tender or demand otherwise indispensable is no longer required when its futility is shown.

2. SAME—*Sale of Wheat—Breach of Contract—Right to Recover Damages.* Although the seller upon such notification announced a rescission of the contract it shortly thereafter shipped to the buyer another car of the wheat which was accepted and paid for. *Held,* that this did not counteract the declaration of the buyer that it would not receive the wheat previously offered so as to entitle it to recover damages for its nonshipment.

3. SAME—*Award of Damages—Findings—Evidence.* An award of damages by the jury unsupported by the findings held not to be prejudicial error for the reason that the amount allowed was conceded by the party complaining.

4. SAME—*Judgment Modified on Findings of Jury.* The jury found that the defendant suffered damage in the sum of $167.68, loss on wheat refused by the plaintiff, but in answer to an express question how much damage they allowed therefor they answered "Nothing." *Held,* that the defendant's motion for judgment for $167.68 should have been sustained.

Appeal from Kingman district court; GEORGE L. HAY, judge. Opinion filed February 10, 1917. Modified.

*J. Graham Campbell,* and *Ray Campbell,* both of Wichita, for the plaintiff.

*S. S. Alexander,* of Kingman, for the defendant.

The opinion of the court was delivered by

WEST, J.: The grain company sued the elevator company for $655 damages for the alleged breach of a contract to deliver certain wheat. From an adverse judgment the plaintiff appeals.

July 24, 1914, the plaintiff bought of the defendant 5000 bushels of wheat. July 29 the defendant shipped 916 bushels, and August 6 1464 bushels, but did not ship the remaining 2620 bushels for the alleged reason that when it was ready and offered to ship the two cars containing this amount the plaintiff refused to receive them. This was on August 3. The rules of the Wichita board of trade adopted by the parties in their contract provide that to make a valid tender a bill of lading must be proffered, and the court instructed accordingly, but also charged the jury that the law does not require an unavailing thing, and, therefore, if the defendant notified the plaintiff that it had the wheat and wanted to deliver it and was told that plaintiff would turn its drafts down and refuse to accept the wheat, and the defendant was able and willing to furnish it, a formal tender by bill of lading was not required. This was in accord with the well-settled doctrine that a tender or demand otherwise indispensable is no longer required when its futility is shown. (*Chinn v. Bretches,* 42 Kan. 316, 22 Pac. 426; *Golden v. Claudel,* 85 Kan. 465, 469, 118 Pac. 77; *Sherwin v. Baxter,* 86 Kan. 730, 121 Pac. 1128; *Smethers v. Lindsay,* 89 Kan. 338, 340, 131 Pac. 563; *Drollinger v. Carson,* 97 Kan. 502, 155 Pac. 923.)

It is urged that as the defendant shipped a car after this refusal it can not assume the double attitude of having rescinded and performed its contract, and attention is called to the terms of the agreement that it was not to be completed until all shipments were received, graded, weighed and accepted at destination. It is said that after the claimed breach by the plaintiff on August 3 the defendant could rescind or cancel for such breach or waive it and continue to ship, but that it could not do both. But it seems that the plaintiff received and paid for the early and the latter shipments, and we see no reason why it can justly blame the defendant for not doing what it told it not to do, or how the subsequent delivery and receipt of another car works any estoppel upon the defendant to claim the benefit of the alleged waiver of a useless tender.

In a cross-petition the defendant alleged a contract to buy of plaintiff 1250 bushels of oats at 41 cents a bushel, a failure to furnish, a market value of 48.5 cents and a loss of $93.75.

In the reply the plaintiff admitted the failure to furnish, a difference of four cents a bushel in market price and averred that it had credited the defendant on its account with the amount thereof, $50. The jury found the market value to have been 41 cents—just the contract price—and yet allowed $50 damages. This showed recklessness, and the allowance is not supported by the finding. While the plaintiff's admission of the same amount of damage was coupled with the allegation that the $50 had been credited to the defendant, still in its motion for a directed verdict the plaintiff offered a deduction of $93.75, the amount claimed—and hence it can not be said that the allowance of $50 was a matter of which the complaint could justly be made. In fairness to the plaintiff it should be said that it does not complain of this particular action on the part of the jury, but justly refers to it as a matter for criticism.

Contrary to the evidence the jury found that the defendant shipped no wheat to apply on the contract after August 4. But as it plainly appeared that wheat was not only thus shipped but paid for, no harm resulted from this peculiar finding.

Their answer that the defendant advised the plaintiff on

August 4 that it was rescinding the contract is supported by evidence found in the counter-abstract.

Natural impatience is expressed touching alleged perjured testimony as to the offer and refusal of the cars on August 3. It is indeed difficult to read the record without being impressed that some one, when on the stand, was unmindful of the truth, but these lamentable exhibitions of human weakness are generally beyond the court's power to remedy after the jury and the trial court have settled the matter of credibility.

The defendant appeals from the refusal of the court to render judgment on the findings for $167.68 loss on the wheat refused by the plaintiff. One finding was that had the plaintiff received this the defendant would have realized six and four-tenths cents a bushel more than was realized, making $167.68. There was evidence to support this, and no reason is suggested why the jury failed to follow with the logical result and award the defendant the amount they found it had been damaged. But in answer to an express question how much damage they allowed they answered "Nothing." This is equivalent to finding that one party owes another a given sum but will not be required to pay anything. It was error not to enter judgment for the amount named, for the mere refusal of the jury to allow anything did not impair the force of their finding as to the actual damage.

This is the only material error found in the record, and the judgment is directed to be modified by adding thereto in favor of the defendant the sum of $167.68 and thus modified it will be affirmed.