No. 20,869.

JOHN A. BOUTROSS and R. A. BOUTROSS, Partners, etc., *Appellees*, v. THE PALATINE INSURANCE COMPANY, LIMITED, OF LONDON, ENGLAND, *Appellant*.

No. 20,870.

JOHN A. BOUTROSS and R. A. BOUTROSS, Partners, etc., *Appellees*, v. THE CONTINENTAL INSURANCE COMPANY OF NEW YORK, *Appellant*.

No. 20,871.

JOHN A. BOUTROSS and R. A. BOUTROSS, Partners, etc., *Appellees*, v. THE FIDELITY-PHENIX FIRE INSURANCE COMPANY OF NEW YORK, *Appellant*.

### SYLLABUS BY THE COURT.

1. INSURANCE—*Loss—Award of Appraisers—Not Void.* In an action upon an award of appraisers appointed to determine a loss under policies of fire insurance, *held* upon the facts stated in the opinion that the award was not void because the appraisers failed to comply strictly with a provision in the agreement of submission that "the appraisers shall then determine the actual cash value of each article, and place the damages on each at a definite sum per yard, pound, bushel or gallon, etc., as the case may require, in their proper columns."

2. SAME—*Award by Two Appraisers Valid.* The agreement for submission provided for the appointment of two appraisers, who should appoint an umpire, and that an award signed by any two of the three should be binding upon the parties. *Held*, that one of the appraisers could not by withdrawing from the appraisal prevent the other two from completing the award.

3. SAME—*Amount Claimed in Proof of Loss—Not Conclusive.* The amount claimed in the proof of loss will not preclude the assured from showing a greater loss, where the insurer has not been misled or induced to change its position by the statements in such preliminary proof.

4. SAME—*Fraud Pleaded in Answer—Burden of Proof.* In such an action where the answer pleads that the award was false and fraudulent the defendant has the burden of proof, but on the facts stated in the opinion it is held that a ruling placing the burden of proof on the plaintiff, and depriving defendant of the right to open and close, can not be regarded as error which justifies a reversal.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. McCAMISH, judge.    Opinion filed May 12, 1917.    Affirmed.

*E. S. McAnany, M. L. Alden, T. M. Van Cleave,* all of Kansas City, *L. C. Boyle,* and *George L. Boyle,* both of Kansas City, Mo., for the appellants; *Samuel Maher,* of Kansas City, of counsel.

*J. K. Cubbison,* of Kansas City, *Myron Witters,* and *Bruce Barnett,* both of Kansas City, Mo., for the appellees.

The opinion of the court was delivered by

PORTER, J.: These are actions upon an appraisal and award by arbitrators appointed under the provisions of insurance policies issued by the defendants covering loss by fire on plaintiffs' stock of merchandise.  The assured and the insurance companies having disagreed on the amount of loss, an agreement was signed submitting the loss to two appraisers; A. M. Smith being named by the assured, and H. W. Potts by the .defendants.  In accordance with the provisions in the policies the two appraisers duly appointed John C. Dieckman as umpire.  The petitions alleged these facts and that the appraisers and umpire had viewed the premises and estimated and appraised the loss, the appraisers submitting their differences to the umpire, and that on a certain day the loss was ascertained by a written award signed by Smith and the umpire Dieckman; it set forth the amount awarded and alleged that by reason thereof the defendants were liable for the proportionate amount of the loss sued for.

The answer alleged that the appraisal and estimate was false and fraudulent, and in equity and conscience should be set aside.  The reply in each case was a general denial.  The plaintiffs recovered judgments from which the insurance companies appeal.

The evidence tended to show that the two appraisers, on a certain Sunday, agreed upon an amount which they would award but postponed signing the award because they thought it would be invalid if signed on Sunday, and therefore arranged to sign the papers the following day.  Afterwards Smith, the appraiser representing the assured, refused to sign, stating

as his reason that it was his understanding that the value of the goods totally destroyed was to be added to the amount agreed upon. Potts insisted the estimate included the entire loss. The plaintiffs' evidence showed that after this disagreement Potts refused to return to the place or to have anything more to do with the appraisement, and that after several attempts to induce him to proceed with the award, Smith notified him that if he did not appear in a reasonable time the umpire would be called in to complete the appraisement, and that Potts told him to do just as he pleased. Smith then called in the umpire, who had been going over the stock while the appraisers were at work and had made himself familiar with the stock and the loss. The umpire and Smith completed the appraisement and signed the award. Potts was a witness, and testified that after the conversation with Smith in which he was notified that the umpire would be called in to complete the appraisal he considered that he was out of it and dropped the matter.

The first contention is that the award is absolutely void because of the failure to determine and report in separate columns the actual cash value of each article at a definite sum per yard, pound, bushel or gallon. The agreement for submitting the loss to appraisers contained this provision:

"The appraisers shall then determine the actual cash value of each article and place the damages on each at a definite sum per yard, pound, bushel or gallon, etc., as the case may require in their proper columns."

It is claimed no attempt was made to comply with this provision. On the other hand, it is said the defense was not pleaded and that the evidence showed a substantial compliance with the provision except the requirement that each item be set out in separate columns; as to this, it is claimed the printed blank furnished by the insurance companies and upon which the appraisal was intended to be made did not contain the "proper columns" referred to in the agreement for setting down the items of damage in detail. The failure to comply in every particular with this provision as to procedure would not of itself render the appraisal void. Besides, it was required only in so far as deemed necessary by the appraisers. If in good faith they had made their award and wholly ignored the provision, an answer to an action on the award alleging in

general terms that the award was false and fraudulent would not raise the issue. The answer did not plead the failure of the appraisers to comply with this provision. Moreover, if it had, the evidence would not justify a court in setting aside the appraisal on that ground. Besides, the evidence tended to show that as to something like twenty-five lots of the merchandise Smith and Potts substantially complied with the provision requiring them to determine the actual cash value at a definite sum per yard, etc., and that Dieckman, the umpire, substantially followed the requirement in appraising the portion of the stock not totally destroyed. The award is *prima facie* conclusive between the assured and the insurance companies as to all matters submitted to the appraisers. (*Insurance Co. v. Payne,* 57 Kan. 291, 46 Pac. 315.)

Another ground upon which it is claimed the award is void is, that the appraisers allowed $1600 for that portion of the stock totally destroyed, although the umpire and appraisers "neither asked nor received any statement or evidence of the character or value of the goods wholly destroyed." In two of the cases the question appears to have been gone into quite thoroughly, and the umpire and appraiser who made the award testified they examined remnants or pieces of goods found in the ashes, were shown inventory bills and invoices of the stock, and made their estimate from these. Some of the stock, although included in the portion totally destroyed as to value, was not entirely consumed.

The burden rested upon defendant in each case to show that the award was false and fraudulent. In the two cases where the evidence established the manner in which the value of the goods totally destroyed was arrived at, the claim that the appraisers neither called for nor received any evidence upon the subject was disproved. In the one case where no evidence was offered on this question the *prima facie* effect of the award must be held sufficient.

It is claimed that the award is void because one appraiser called in the umpire and in the absence of the other appraiser they made the award. It is insisted that the insurance companies had a right to a representative who would participate in all the steps leading to the award, notwithstanding the provisions in the agreement that any two of the three may make

the award. Cases are cited which go to the extent of holding that where one of the appraisers withdraws before a determination is reached the award is of no effect, but the cases are not in accord with the weight of authority or sound reason. In one case cited, *Franklin v. Insurance Co.*, 70 N. H. 251, the agreement for submission did not contain the provision that after the umpire had been called in the award in writing of any two shall determine the loss. The companies were entitled to be represented by an appraiser they selected, but there was evidence showing the abandonment of the appraisal by Potts because of the failure of himself and Smith to agree upon the amount of the loss. The umpire had been appointed, had already acted in some matters where differences had arisen, and by the express provision in the policies and the agreement for submission an award by one of the appraisers acting with the umpire is binding upon the defendants. One appraiser can not by withdrawing from the appraisement prevent the other two from completing the award. (19 Cyc. 878.)

While plaintiffs' proof of loss offered by defendants might have been admitted in evidence, since it stated the amount of the loss at a sum less than that found by the appraisers, we think the exclusion of it was not prejudicial. If it had been admitted, there was not sufficient evidence to sustain the claim of a fraudulent award. The amount claimed in the preliminary proof of loss, submitted as a condition precedent and in compliance with one of the conditions in the policy, did not preclude the assured from showing a greater loss, unless the insurer was misled by or changed its position in reliance on the statements in the proof of loss, and there was no claim to this effect. (19 Cyc. 854.)

The answer in each case alleged that the award was false and fraudulent and admitted the other allegations in the petition. The defendant had the burden of proof. The court therefore erred in ruling to the contrary and in denying defendant the right to open and close. We have held that this error is seldom of sufficient importance to justify a reversal where both sides have every opportunity to introduce their testimony. (*Bank v. Brecheisen*, 98 Kan. 193, 196, 157 Pac. 259, and cases cited in the opinion.)

In view of the failure of the answers to allege that the amount of the award was greater than the actual loss, the failure to offer something substantial in the way of evidence to that effect, or to establish anything false or fraudulent in connection with the award, we think the ruling as to the burden of proof can not be regarded as prejudicial error.

The judgment is affirmed.