No. 22,361.

J. E. CLARK, *Appellee*, v. THE MILWAUKEE MECHANICS IN-
SURANCE COMPANY, *Appellant*.

### SYLLABUS BY THE COURT.

1. FIRE INSURANCE—*Proofs of Loss—Inventory Made—Attempts at Ad-
justment—No Agreement—Amount of Plaintiff's Judgment.* Where
a holder of fire insurance policies suffers a loss and notifies the insur-
ance company thereof, and the company's adjuster is sent to investi-
gate the loss, and he with assistance of the assured makes an estimate
and inventory of the property, and he and another agent of the com-
pany make repeated offers to settle with the assured on the basis of
such inventory, which offers are declined by the assured, and the com-
pany demands an arbitration of the amount of the loss, the acts of the
company and its agents are a waiver of more formal proofs of loss;
but the assured is not bound by the amount of the loss as calculated
by the adjuster; and in an action to recover on her policies, the assured
is entitled to judgment for the full amount of her loss, regardless of
the inventory, when the defendant knew that the plaintiff had denied
its fairness from the time it was made.

2. SAME—*Trial—Matters for Consideration on Appeal.* No error can be
based on matters not clearly brought to the attention of the trial
court for its ruling thereon; nor can a trial court's judgment be dis-
turbed where the appellant's substantial rights have not been preju-
dicially affected.

3. SAME—*Assurer's Agreement to Pay Rent Pending Adjustment of
Loss.* The evidence examined, and held sufficient to bind a defendant
fire insurance company on its promise to pay the rent for a reasonable
time on a building which contained insured property partly destroyed
by fire, pending an early and intended adjustment of the loss occa-
sioned by the fire.

4. SAME—*Trial—Attorney's Fee.* The allowance of an attorney's fee and
the amount of such allowance, in an action to recover on insurance
policies for loss of property by fire, examined, and no error discerned
therein.

Appeal from Wyandotte district court, division No. 1; ED-
WARD L. FISCHER, judge. Opinion filed December 6, 1919.
Affirmed.

*J. E. McFadden, O. Q. Claflin, jr.*, both of Kansas City, *M. A.
Fyke,* and *E. L. Snider,* both of Kansas City, Mo., for the
appellant.

*David F. Carson,* of Kansas City, for the appellee.

The opinion of the court was delivered by

Dawson, J.: This is an action to recover on fire insurance policies.

The plaintiff, Mrs. J. E. Clark, conducted a grocery and meat market in Kansas City, Kan. She held two policies of fire insurance issued by defendant—one policy for $1,000 on the merchandise, and another policy for $1,000, of which $750 covered the merchandise and $250 covered the furniture and fixtures. On October 1, 1917, the property covered by the insurance was mostly destroyed by fire.

The insurance not being paid, plaintiff brought this action, alleging the pertinent facts, and she alleged also that an agent of the defendant agreed to pay the rent on the grocery building if the condition of the premises was allowed to remain as it existed after the fire.

The defendant admitted issuing the policies, and set out their specific terms touching the requisite proof of loss and for appraisement of the loss if the insured and insurer disagreed as to the amount of loss, and that plaintiff had failed to furnish such proof, and—

"Defendant further alleges that after the time of the fire as stated in plaintiff's petition, a disagreement as to the amount of the loss and damage which had been occasioned to the stock of goods described in said policies, also to the furniture and fixtures . . . arose between plaintiff and defendant and an appraisal was by said disagreement thereupon required, and no appraisal of the amount of such loss or damage as required by said policies, and each of them, has been had, and no cause of action has accrued to plaintiff under either of said policies, or for the loss and damage upon the stock of goods, or for loss and damage to the furniture and fixtures."

Plaintiff's reply alleged that notice of the fire was given to the defendant, and defendant referred the matter to its adjuster, one Proudfoot, who came to the place of the fire and made an inventory of the loss, and told plaintiff that he would send the inventory to the defendant, and informed her that according to his estimate she was entitled to a certain amount of money as insurance, but such sum was much less than her loss, and she refused to accept it, and that both Proudfoot and Sutherland, another agent of the defendant, made repeated offers of settlement, but these were declined because of in-

adequacy. Plaintiff also alleged that Proudfoot told her that if his report to the company of plaintiff's loss was insufficient, she would be called upon to supply additional proofs, but none such were called for. Later, when plaintiff and Proudfoot had failed to agree on the amount of the loss, defendant demanded an appraisement, to which plaintiff consented, and named an appraiser; and thereupon defendant's agent Sutherland demanded that plaintiff sign a number of papers, which plaintiff refused to do, whereupon Sutherland said he would not name an appraiser for the defendant; but afterwards defendant did appoint an appraiser, but the two appraisers never met nor acted, and this failure was through no fault of plaintiff. Plaintiff replied further that the defendant's demand for an appraisement was not made in good faith, but merely for delay, that defendant's appraiser was a nonresident of the state, and that, under defendant's direction, such appraiser avoided a meeting with plaintiff's appraiser.

The cause was tried to a jury, and a verdict was rendered for plaintiff in the sum of $1,411. The court ordered a remittitur of $94.56, and on plaintiff's acquiescence gave judgment against defendant for $1,316.44. Defendant appeals.

The sufficiency of plaintiff's proofs of loss is not contested, but it is cleverly argued by defendant's counsel that if the acts of Proudfoot, the adjuster, in investigating the loss and in making an inventory of the loss with plaintiff's assistance, and the company's demand for an appraisement should be construed as a waiver of the formal proofs of loss prescribed by the insurance policies, then she should be bound by that inventory as determining the sum she was entitled to receive from the insurance company. This original inventory showed the total value of the goods and fixtures to be $1,491.60. Sometime after the fire, the goods and fixtures undestroyed were sold for $250, which would show plaintiff's net loss to be $1,241.60. Therefore, it is argued that the trial court's judgment, notwithstanding the remittitur, is still excessive in the sum of $74.84. This argument is more plausible than sound. Whatever imperfection there was in plaintiff's proofs of loss was waived by the defendant's dealings with the plaintiff. The plaintiff gave notice; the adjuster came; the adjuster with plaintiff's assistance made the inventory; the adjuster sent the

inventory to his employer; he told the plaintiff if any further proofs were required she would be notified to furnish them; the defendant demanded no further proofs; she was told that they would pay her no greater sum than the adjuster's estimate; and defendant demanded an appraisement by arbitration. In view of these facts, more formal proofs of loss would serve no purpose of defendant. Both waiver and estoppel inhere in defendant's conduct touching the policy requirements as to proofs of loss. But the plaintiff was not bound by the adjuster's estimate of her loss. She protested against that estimate from the time the inventory was taken. Indeed, neither party was bound by the adjuster's estimate. Each party reserved the right, in case of dispute, to have an independent determination of the loss made by arbitration. The defendant compelled plaintiff to fight for what she was entitled to receive, and she had a right to recover for her actual loss, regardless of the amount of the adjuster's estimate and inventory.

"The amount claimed in the preliminary proof of loss, submitted as a condition precedent and in compliance with one of the conditions in the policy, did not preclude the assured from showing a greater loss, unless the insurer was misled by or changed its position in reliance on the statements in the proof of loss, and there was no claim to this effect. (19 Cyc. 854.)" (*Boutross v. Insurance Co.,* 100 Kan. 574, 578, 164 Pac. 1069.)

A point is sought to be made because one of the policies proportionately covered the merchandise and fixtures. But defendant did not ask that the losses on merchandise and fixtures be separately itemized. Counsel for plaintiff say, and we are inclined to think rightly, that this point was not raised in the trial court. If not, it should not be considered here. (*Sleeper v. Bullen & Dustin et al.,* 6 Kan. 300; *Girten v. Zinc Co.,* 98 Kan. 405, 158 Pac. 33.) If it was raised only so obscurely that the trial court did not understand it, it was waived. (*Emery v. Bennett,* 97 Kan. 490, 155 Pac. 1075.) However that may be, the record does not show—and counsel for defendant do not indicate—how this point is of any consequence in this case, and judgments cannot be reversed unless substantial rights have been prejudicially affected. (Civ. Code, § 581, Gen. Stat. 1915, § 7485.)

It is next contended that the evidence did not establish defendant's liability for the rent of the premises. We think it

does. Defendant desired that the conditions caused by the fire remain undisturbed for a time, and its agent wrote to plaintiff's attorney:

"We would kindly request that you inform the owner of the building that we expect to dispose of the adjustment of this loss by appraisal in a very short time, and that we are perfectly willing to assume the responsibility of the payment of rent for a reasonable time from this date. . . . We also desire to call your attention that we cannot approve of the removal of this stock to any other location pending this appraisal."

Defendant also objects to the amount allowed by the trial court as attorney's fee—$350. The evidence tended to show the extent of the services rendered by plaintiff's attorney. One witness testified that such services were worth $370, another witness valued them at $350. The defendant did not offer any evidence on this matter. The statute allows a reasonable attorney's fee in this class of cases (Gen. Stat. 1915, §§ 5359, 5479), and neither in the allowance of this fee nor in the amount allowed can any error be discerned.

The judgment is affirmed.