No. 23,623.

Vollie L. Woodard, *Appellee,* v. L. W. Timms et al., *Appellants.*

No. 23,624.

P. E. Wilson, *Appellee,* v. L. W. Timms, *Appellant.*

SYLLABUS BY THE COURT.

1. Waiver of Variance. A variance between pleading and proof is waived when no objection thereto is clearly and specifically raised at the time the evidence is presented in the trial court.

2. Same—*Repurchase of Oil Stock—Contract Established by Evidence—Demurrer Overruled.* Plaintiff's cause of action for the breach of a contract to repurchase oil stock was sufficiently established by evidence to withstand defendants' demurrer thereto.

3. Same — *Partnership Contract — Dissolution of Partnership — Liability of Members of Partnership.* A plaintiff who had a transaction with a partnership whereby the partners obligated themselves to him, and who likewise had a tentative arrangement with the partnership for a further transaction of the same character which was consummated after the partnership was dissolved without notice to the plaintiff, may hold the persons constituting the partnership to the obligation as originally incurred and to its consequent incidents.

4. Same—*Oil Stock Not an Interest in Land.* Oil stocks of whatever character, which are transferrable on the books of the corporation issuing them, are not interests in land nor are contracts for their repurchase governed by the statute of frauds.

5. Same—*Repurchase of Oil Stock—When Tender Unnecessary.* Rule followed that a tender of property is not necessary when such tender would be declined.

6. Same—*Instructions.* Instructions examined and no error discerned therein.

Appeal from Sedgwick district court, division No. 1; Richard E. Bird, judge. Opinion filed May 12, 1923. Affirmed.

*John Madden,* and *John Madden, jr.,* both of Wichita, for the appellants.
*P. D. Gardiner,* and *O. W. Helsel,* both of Wichita, for the appellees.

The opinion of the court was delivered by

Dawson, J.: These two appeals have some common features and were consequently submitted together.

In No. 23,623, the plaintiff alleged that the defendants were partners, and that on or about May 29, 1918, he had purchased from them twenty units of oil stock, "being Watt's Royalty Stock," at

$125 per unit, and aggregating $2,500, which he paid in cash. Plaintiff further alleged that as an inducement to such transaction defendants had made an agreement with plaintiff that if he became dissatisfied with the stock, the partners, on demand of plaintiff, would repurchase the stock at the same valuation at any time within a year. Plaintiff alleged that he had made timely demand, but that defendants had refused to repurchase.

Defendants' answer recited that "on and before the 29th day of May, 1918, they were partners"; and except "as above admitted" all else alleged was denied. This answer was verified.

Jury trial; evidence *pro* and *con*; verdict for plaintiff, and judgment accordingly.

Defendants assign error in the admission of evidence, apparently on the ground of variance.

The petition alleged that the stock was purchased on or about May 29, 1918. The evidence showed that half the stock was purchased at that time, and that at the same time there was some conversation between the parties to the effect that plaintiff might purchase more stock at a later date; and it was shown that the second half of the stock was bought and paid for in July. A careful reading of the record does not show that any objection on account of variance was urged in the trial court. (*Emery v. Bennett*, 97 Kan. 490, syl. ¶ 2, 155 Pac. 1075; *Dubbs v. Haworth*, 102 Kan. 603, syl. ¶ 3, 171 Pac. 624; *Clark v. Insurance Co.*, 105 Kan. 728, 185 Pac. 1056.) The objection urged related to the issue of partnership—that there was no admission of any partnership after May 29, 1918, and that the answer had been verified. Therefore this point of variance cannot be made the basis of reversible error even if it were otherwise well taken, which need not be decided.

The next error assigned relates to the overruling of the demurrer to the evidence. This certainly cannot relate to the want of evidence to prove the contract to repurchase, for that was clearly established, notwithstanding defendants' evidence to the contrary. The jury had the duty of determining that question. But it is argued that the verified answer was a denial of any partnership after May 29, 1918. The pleadings and defendant Crum's own testimony, make it clear that the defendants in their verified answer did not intend to swear that there was no partnership after May 29. Such a view would cause the verification to savor of perjury, for defendant Crum's own testimony was to the effect that the partnership was not wound up until the 6th of the following July. But aside

from that, and granting that the verified answer was a direct denial of the existence of the partnership after May 29, Crum's evidence showed that it did exist after that date, which established plaintiff's allegations of partnership. It was also shown or conceded that no dissolution of partnership had been published or otherwise brought to plaintiff's knowledge until after he had accepted and paid for the second half of the stock. It is urged, with the support of precedent (*Merritt v. Williams,* 17 Kan. 287), that only those who are in the habit of dealing with a partnership are entitled to notice of its dissolution. Here, however, the second phase of the transaction had been tentatively arranged while the partnership was in existence, at the time the first phase of it was consummated. It was then understood that when plaintiff got some more money—when he threshed—he would take some more, and it was then arranged that one of the partners would come again. Pursuant to this tentative arrangement, the defendant Timms did come again, about July 10, and had this conversation with plaintiff:

"Well, he—when he came out he says, 'Well, have you threshed?' And I told him yes—I told him about different things, and he looked at some hogs I had, and he said, 'Well, have you threshed—are you ready to buy some more of this Watts Royalty?' And I said I expected I was. He says, 'Well, you won't go wrong about it, and you will soon get this dividend if you keep this Watts Royalty—in ninety days—sixty to ninety days, if you become dissatisfied with it, or if within a year, you will return it and you may notify Mr. L. J. Nicholson or Mr. Timms or Mr. Crum, and we will take it back and refund you what you paid for it, and you can keep the dividend."

Under these circumstances, the plaintiff was clearly entitled to notice of a dissolution of the partnership on July 6, and since he had no notice of it, both defendants are liable to plaintiff, and if this results in any hardship on Crum, he should look to Timms for redress or recoupment.

It is also argued that the units of oil stock were interests in land, governed by the statute of frauds. This is not correct. They were sold to plaintiff as oil stock transferrable on the books of some corporation, and of course the stock was subject to repurchase in the same way. It is also urged that the certificates were not tendered for repurchase. It was admitted that if tendered, they would have been declined. Thus a tender was unnecessary. (*Smethers v. Lindsay,* 89 Kan. 338, 131 Pac. 563; *Grain Co. v. Elevator Co.,* 99 Kan. 712, 163 Pac. 450.) On no aspect of this case does it appear how a demurrer to the evidence could properly have been sustained.

Complaint is made of the instructions. These have been carefully examined. They harmonize with our view of the law as outlined above. The case was simple; the issues were plain and properly defined. The record in No. 23,623 contains no error and the judgment is affirmed.

In No. 23,624, the action was similar in its principal features, the only distinction being that the contract for the purchase was induced by the promise of Timms, not the partnership, to repurchase the stock within a year. The plaintiff alleged and proved his cause of action. The defendant's answer denied and he testified in denial of any such agreement. The jury believed the plaintiff's evidence. We find nothing approaching error in this case and can see nothing in it worthy of discussion. The judgment in No. 23,624 is therefore affirmed.