## George W. Reed v. Albert M. Drake.

*Real estate : Adjacent owners : Division fence : Trees : Removal : Estoppel.* A person who has planted trees on his own side of a division fence,—the fence being set and the trees planted by the joint action and co-operation of the adjacent owner, who was his grantor,—has a right, as against the grantees of such neighboring owner, to remove the trees, whether such location and planting would or would not have created an estoppel as to the title to the land where they were planted.

*Heard April 8.     Decided April 21.*

Error to Clinton Circuit.

*R. Strickland* for plaintiff in error.

*Walbridge & Selden,* for defendant in error.

CAMPBELL, J.

Plaintiff sued defendant for removing certain peach trees from his freehold. It appeared on the trial, and the jury found, that some fourteen years before the suit defendant purchased of the common grantor of both parties a parcel of land eighteen rods wide, and that they procured a surveyor to find the line; and they set a worm fence and set out the trees in question on defendant's side of the fence. Defendant had ever since continued in possession up to that boundary. The plaintiff claims that the fence laps over a few feet on his land. The court instructed the jury, if they believed these facts, that defendant was entitled to a verdict.

We think the charge was correct. Whether there was such action as would have conclusively fixed the boundary for all purposes, was not decided, and is not important in this controversy. The defendant, being in a possession which was taken by joint consent as his rightful possession under his deed, has merely removed what he placed there with the co-operation of his grantor, and for his own use and advantage. It would be difficult to find a plainer case. He has done nothing which was not within the direct intent of his grantor when he was put in possession. He has not removed what he found already there, but what was placed there after his purchase, with his grantor's aid as well as assent. The trees were planted by their joint help for the defendant's benefit as owner. His actual possession was measured by their joint action, and was notice to plaintiff of the extent of his claim. It would operate as a fraud upon defendant, to deny his right to remove the trees which were planted and retained under such circumstances; and plaintiff must be held estopped from complaining of such removal, which comes within the scope of the authority under which they were placed on the ground. We think there is no support for any principle which would not go far enough to sustain this defense for the removal of such

improvements, whatever may be the case as to the title itself, which, as already stated, is not involved in the case,. and needs no discussion.

The judgment must be affirmed, with costs.

COOLEY and CHRISTIANCY, JJ., concurred.

GRAVES, CH. J., did not sit in this case.