No. 20,696.

EUGENIE WIDEMAN, *Appellee,* v. ADRIAN L. FAIVRE and LESTER FAIVRE, *Appellants.*

SYLLABUS ·BY THE COURT.

1. EVIDENCE—*Motion to Strike Out—Denied—No Error.* It is not error to overrule a motion to strike out evidence when the objection to it is not disclosed and when its impropriety or insufficiency is not apparent.

2. TRIAL—*Findings of Fact—Conclusive on Appeal.* Rule followed that where questions of fact have been determined by the trial court upon substantial and competent evidence, such determination is conclusive on appeal.

3. BOUNDARY LINE — *Hedge Fence — When Estoppel May be Invoked.* The doctrine of estoppel can not be invoked to settle the ownership of a hedge fence when the issues of fact raised by the parties are so determined by the evidence and the findings of the court as to preclude the operation of estoppel.

4. SAME. Before the doctrine of estoppel can be invoked to settle a boundary line or the ownership of a fence as a boundary line, it must first be established that the parties have recognized the boundary line, or recognized the fence as the division line, and when the facts are resolved to the contrary, the doctrine of estoppel can not operate.

5. TRIAL—*Determination of Facts.* Duty of trial court or jury in determining the facts from conflicting testimony discussed.

6. BOUNDARY LINE — *Hedge Fence — Rights of Adjoining Owners to Hedge Trees.* Where a person has planted hedge trees on her own land and cultivated and cared for them they are her property; and

Wideman v. Faivre.

although they are growing near the boundary line of a neighbor, such neighbor has no property in them, and unless the trees are doing him an injury he may be enjoined from meddling with them.

7. SECTION 580 OF CIVIL CODE DISCUSSED. Certain constitutional limitations of the scope of section 580 of the civil code discussed.

Appeal from Clay district court; FRED R. SMITH, judge. Opinion filed March 10, 1917. Affirmed.

*F. B. Dawes,* and *R. C. Miller,* both of Clay Center, for the appellants.

*F. L. Williams,* of Clay Center, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This lawsuit grows out of a controversy between neighboring landowners over a hedge fence. About 1876 the plaintiff, Eugenie Wideman, with the aid of her children and a neighbor planted a hedge fence one hundred and sixty rods long, east and west, near the surveyed line between her land and the defendants' land which bounded hers on the north. The hedgerow was planted in a plowed furrow about one foot south of a direct line between the corner stones which had been set by government surveyors some years prior thereto. Thus the hedgerow was entirely on plaintiff's land. The plaintiff and her children cultivated the hedge until it attained sufficient growth to care for itself. Thereafter she cut the weeds on the south side of it and the defendants cut the weeds on the north side.

About 1883 or 1884, the hedge being insufficient to turn live stock, the plaintiff and defendants placed two strands of wire and fence posts in the hedgerow, the plaintiff placing the wire and posts for eighty rods in the easterly half of the hedge, and the defendants doing likewise in the westerly half of the hedge for eighty rods.

The hedge was never cut or laid, but permitted to grow into trees, and in January, 1915, the plaintiff commenced at the west end of the hedgerow to cut down the hedge trees. Thereupon the defendants likewise began to cut down the hedge trees, beginning at the middle of the half mile of it and working westward. Hence this lawsuit. The plaintiff prayed for damages for the value of the hedge trees cut down and con-

verted by defendants, and for an injunction. Defendant
Adrian Faivre disclaimed, and Lester Faivre answered that
the hedge fence was on the dividing line between plaintiff's
and defendants' land, that the hedge fence was planted about
1882 by plaintiff and himself, she furnishing the plants and
he doing the plowing and assisting in setting them out; that
he and plaintiff both cultivated the hedgerow. He further
alleged:

"That at the time said hedge plants were set out it was mutually
agreed and understood by and between the plaintiff and this answering
defendant, that when the hedge was set out it was to be the line fence
separating plaintiff's and this answering defendant's fence.

"That said hedge fence was set out about the year eighteen eighty-
two or three and has remained on the line between said farms ever since.

"That for more than thirty years the plaintiff as well as the defendant,
has treated the fence as upon the line. That during all that time she
has acquiesced in and governed herself according to said parol agreement.
That in law and equity and in good conscience, she is now estopped from
claiming that said hedge is not situated upon the true line separating
the plaintiff's and this answering defendant's farm."

The trial court made special findings and found all the
material issues in favor of plaintiff and enjoined the defend-
ants from further meddling with the hedge trees.

Various errors are assigned which will be noted in the order
of their presentation.

The first of these relates to the testimony of a witness
touching the value of the hedge trees cut down by defendants.
Since the total amount recovered by plaintiff on this account
was only $65, there is some question about the propriety of
its review here, our jurisdiction on mere recoveries of money
being limited to sums exceeding $100. (Civ. Code, § 566.)
But laying that aside, the objection below was thus stated:

[Counsel for defendants] "Now, if the court please, we move to strike
out the witness's testimony about there being $100 damage done.

"The Court: The motion to strike out will be overruled."

This general objection did not disclose any reason for the
motion to strike out the testimony, and no impropriety or in-
sufficiency was apparent in the evidence objected to. The
motion was therefore properly overruled. Professor Wigmore
well says:

"The cardinal principle (no sooner repeated by courts than it is

forgotten by counsel) is that a *general objection, if overruled, can not avail.*" (1 Wigmore on Evidence, § 18, citing cases.)

It is next contended that—

"There is not one syllable of evidence . . . showing that Eugenie Wideman instructed one James Hodgins . . . that he should run that furrow one foot or any distance whatever south of the monument stone," etc.

Hodgins was the neighbor who helped Mrs. Wideman and her children to set out the hedge plants. He plowed the furrow. It is true, as defendants contend, that there is no evidence that Mrs. Wideman *instructed* him about how the work should be performed or where it should be performed. These people were farmers. When their neighbors turn in to help them with farm work, it is not common—indeed it would be extraordinary—for the party receiving this neighborly assistance, with or without payment therefor, to issue *instructions* like a train dispatcher to a train crew, or the manager of a large business to his employees. Country folks would consider such formality as rank affectation. The trial court's use of the word was merely part of the text of its finding that the furrow was plowed by neighbor Hodgins about a foot from and within Mrs. Wideman's boundary line agreeable to her wishes. There was no lack of evidence to that effect. Defendants' contention on this point is hypercritical and lacks substantial merit.

The next contention is that the evidence shows that the hedge was planted on the true line between the lands of plaintiff and defendants. There being some evidence to support the trial court's findings that it was planted about a foot south of the true line, that proposition is concluded. (*U. P. R. W. Co. v. Coldwell,* 5 Kan. 82; *Humphrey v. Investment Co.,* 98 Kan. 266, 158 Pac. 42.) The same rule forecloses the question whether Mrs. Wideman and her children and her neighbor planted the hedge about 1876 or whether Mrs. Wideman and defendant Lester Faivre jointly planted it about 1882, and similarly disposes of the question whether there was an understanding and agreement between Faivre and Mrs. Wideman about the hedge or for a division of it.

The doctrine of estoppel is next invoked, on the ground that the parties treated the hedge fence as a division line for over

thirty years. That doctrine is sound and well supported by authorities (*Tarpenning v. Cannon,* 28 Kan. 665) ; but the findings of fact based upon the issues which the parties sought to submit, and which negative the defendants' contention that the parties treated the hedge as a division fence or that there was any parol agreement thereto or acquiescence therein, preclude its operation here.

Counsel for defendants propound this query: "Mrs. Wideman says she entered into no contract in regard to the fence, the defendant says she did, what shall the court do?" That is easily answered. The trial court or jury shall determine from the appearance and demeanor of the witnesses, their apparent candor or lack of candor, their opportunities for knowing the facts about which they testify, and shall weigh their motives and their interest in the result, and may discount the improbable, or ignore the evidence of one who is seemingly giving false testimony, and the trial court or jury may and should consider all the surrounding circumstances, and thereupon conscientiously but courageously find for the party producing the more credible and preponderating evidence and against the party who is probably lying or mistaken in what he says. When this is done, courts of appeal adopt the result without question as a conclusive ascertainment of the issues of fact. (*Underwood v. Fosha,* 96 Kan. 240, 242, 150 Pac. 571; *Pittman Co. v. Hayes,* 98 Kan. 273, 277, 157 Pac. 1193.)

If the hedge trees were planted on the true boundary line or on a line adopted or acquiesced in as the division line, they would derive their growth and sustenance from the lands of both adjoining landowners and each would be entitled to a share of the hedge timber as tenants in common (1 R. C. L. 401), but this would be wholly apart from the question of the utility of the hedge trees as a fence (*Griffith v. Carothers,* 86 Kan. 93, 119 Pac. 548). But since the hedge trees were exclusively on the land of Mrs. Wideman, and were planted and cared for by her, they were her property, with which the defendants had no right to meddle unless upon the ground that the trees were a nuisance.

"A person who has planted trees on his own side of a division fence —the fence being set and the trees planted by the joint action and coöperation of the adjacent owner, who was his grantor,—has a right, as against the grantees of such neighboring owner, to remove the trees,

Wideman v. Faivre.

whether such location and planting would or would not have created an estoppel as to the title to the land where they were planted." (*Reed v. Drake*, 29 Mich. 222, syl.)

"A tree growing near a boundary line, so that its roots extend on each side, is, *it seems*, wholly the property of him on whose land the trunk stands." (*Dubois v. Beaver*, 25 N. Y. 123, syl.)

"*It seems* that a tree and its product is the sole property of him on whose land it is situated, and its location and property should be determined by the position of the trunk or body of the tree above the soil, rather than by the roots within or branches above it." (*Skinner v. Wilder*, 38 Vt. 115, syl.)

(See, also, 1 R. C. L. 400; 11 R. C. L. 909.)

In 1 C. J. 1232, it is said:

"In spite of some confusion among the older authorities as to the ownership of a tree standing wholly on the land of one owner, when its roots extended into the land of another, it is now the generally adopted view, both in this country and in England, that the ownership of a tree under such circumstances is in him in whose land the tree stands."

The defendants present to this court certain photographs showing the hedge stumps, a blue print purporting to show that the hedgerow is on the defendants' land and not on the plaintiff's, and produce an affidavit of the county surveyor who made these photographs and the blue print. The affidavit narrates that the government stones, which were of sandstone, can not be found, that the stones which he did find are limestones, etc. Counsel for the plaintiff move to strike these photographs, blue print and affidavit from the files, since they are no part of the record nor were they presented to or considered by the trial court. Defendants cite section 580 of the civil code as authorizing this practice. It would seem that the scope and limitations of section 580 of the code have been sufficiently explained to the profession to need no discussion here; but it may be repeated that the scope of that section can not constitutionally extend to include what would be mere cumulative evidence, nor evidence which it would be possible to controvert or dispute in the trial court, nor concerning the effect of which there might be differences of opinion or from which different conclusions could possibly be drawn. This court has jurisdiction of a cause in one of two ways— by an invocation of its original constitutional jurisdiction in *mandamus, quo warranto or habeas corpus*, or through its ap-

pellate jurisdiction where it reviews alleged errors of trial courts. In the former, we may glean the facts with the same freedom and liberality accorded to all trial courts. In the latter, when we sit to review the work of a trial court, we are limited to the record made in that court; and there would never be an end of litigation if first one party and then the other were permitted to pile up further evidence in the appellate court which was never submitted to the trial court or jury. The supreme court's jurisdiction is invariably and exclusively *original* or *appellate*. There is never a confusion or blending of both. (*Hess v. Conway,* 93 Kan. 246, 144 Pac. 205; *Robinson v. Railway Co.,* 96 Kan. 137, 144, 145, 150 Pac. 636; *Haseltine v. Nuss,* 97 Kan. 228, 231, 155 Pac. 55; *Doty v. Shepard,* 98 Kan. 309, 312, 158 Pac. 1; *Girten v. Zinc Co.,* 98 Kan. 405, 408, 158 Pac. 33.)

This disposes of all the errors urged by defendants, and since nothing prejudicial appears whereby the result in the trial court can be disturbed, the judgment must be affirmed.