No. 20,336.

GEORGE F. BRUINGTON et al., *Appellees,* v. GEORGE F. WAGONER
and HATTIE ELLIS, *Appellants.*

OPINION DENYING A REHEARING.

SYLLABUS BY THE COURT.

1. WILL—*Action to Set Aside—Conflicting Evidence—Findings of Trial
Court Conclusive.* The supreme court accepts as true the trial court's
findings of fact when they are based upon competent evidence; and
on appeal it is of no consequence that there may have been much
contradictory evidence adduced at the trial, which, if believed by the
trial court, would have compelled entirely different findings of fact
and an entirely different judgment. (*Bayer v. Cockerill,* 3 Kan. 282,
Syl. ¶ 7; *Wideman v. Faivre,* 100 Kan. 102, Syl. ¶¶ 2, 5, 163 Pac. 619.)

2. SAME. When the error assigned is that the findings and judgment
are contrary to the evidence, it is only necessary on appeal to con-
sider whether there is some competent and sufficient evidence upon
which the judgment is based; and a consideration or recital of the
contradictory evidence can not aid in correctly determining that
question.

Appeal from Morris district court; ROSWELL L. KING, judge.
Opinion denying a rehearing filed May 12, 1917. (For original
opinion of affirmance see *ante,* p. 10.)

*M. B. Nicholson, W. J. Pirtle,* both of Council Grove, and
*J. B. Harsh,* of Creston, Iowa, for the appellants.

*D. H. Brown,* of Council Grove, *C. G. Saunders,* and *David
E. Stuart,* both of Council Bluffs, Iowa, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: A petition for a rehearing filed herein dis-
closes that its author does not understand the functions of an
appellate court. The petition chides us for incorporating part
of plaintiffs' evidence in our opinion and omitting defendants'
evidence to the contrary. Our purpose in quoting part of the
plaintiffs' evidence was to show that there was no merit in
defendants' contention that the findings and judgment of the
trial court were contrary to the evidence. On that point, the
defendants' evidence, although there was much of it, was of

no consequence. The supreme court is not charged with the duty of ascertaining the facts. We do not see the witnesses; we do not know whom to believe. We can not determine the probative weight of the evidence introduced pro and con in the trial court. We must accept as true the trial court's findings of fact when there is some tangible and competent evidence to support those findings. Those who desire to investigate this phase of the law of appeals may begin their studies with *Bayer v. Cockerill,* 3 Kan. 282, syl. ¶ 6, and follow the many similar decisions of this court down to *Wideman v. Faivre,* 100 Kan. 102, syl. ¶¶ 2, 5, 163 Pac. 619. Although this principle of the law governing appeals has been stated times without number in the half century's history of this court, it is perhaps too much to hope that the court will ever be relieved from the necessity of restating it. We realize, of course, that lawyers must conform, to a certain extent, to the wishes of their clients in the presentation of their appeals. It should not be difficult, however, for a lawyer to make his client understand that an appellate court can not weigh conflicting evidence, that it must accept the facts as determined by the trial court. Ordinarily it is sheer waste of a client's money to print endless pages of conflicting testimony for presentation on appeal. On appeal the questions touching the findings of fact and the evidence relating thereto are mainly these: Was there any evidence to support the findings and judgment? Was any incompetent evidence admitted? Was any competent evidence excluded? Was the verdict or judgment wholly unsupported by any competent evidence? The determination of these questions necessitates a careful review of a summary of the evidence. With these matters a supreme court can deal, and it does invariably deal with them with the most laborious thoroughness. But whatever errors of law may be committed by the trial court in the admission or exclusion of evidence, or concerning the existence or nonexistence of any competent evidence, which will entitle an appellant to relief by the supreme court, the appellant should be made to understand that his dispute with his rival litigant as to the facts is a matter to be settled by his neighbors who are duly summoned as a jury convened at the courthouse in his own county seat; that they and the trial judge hear what he and his fellow witnesses have to say, hear what his opponent

Ely v. Gas Co.

and the opposing witnesses have to say; and when the facts are found by the jury and approved by the court, or by the trial court alone if a jury is waived or if it is not a case triable by a jury, the controversy over the facts is ended.

A little reflection on the foregoing will make it clear that no purpose would have been served by incorporating in our opinion any part of the defendants' evidence which was discounted or discredited by the trial court.

The petition for a rehearing is denied.