No. 21,052.

H. A. SCHWANDT, *Appellant,* v. O. C. BALLENTINE et al., *Appellees.*

OPINION DENYING A REHEARING.

SYLLABUS BY THE COURT.

JURISDICTION OF SUPREME COURT—*Matters Reviewable on Appeal.* On appeal the supreme court's jurisdiction is exclusively appellate—for the consideration and determination of errors alleged to have been committed in trial courts—and error cannot be predicated on matters not presented to the trial court; and, to uphold the constitutionality of section 580 of the civil code, such interpretation of it must be given as will not confound the appellate jurisdiction of the supreme court with its original jurisdiction.

Appeal from Pottawatomie district court; ROBERT C. HEIZER, judge. Opinion denying a rehearing filed July 6, 1918. (For original opinion of affirmance see *ante,* p. 29.)

*C. A. Leinbach,* of Onaga, and *A. E. Crane,* of Topeka, for the appellant.

*W. F. Challis,* and *E. C. Brookens,* both of Westmoreland, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: The petition for a rehearing makes the criticism that the court's opinion did not discuss the effect of a recent survey of the land boundaries and the location of the public road involved in this lawsuit. This survey was made after the case was tried in the district court, and a copy of the surveyor's report was filed in this court, but the plaintiff made no mention of it in his brief. The court invited him to suggest what significance can be attached to that new survey in this appeal which seeks a review of errors alleged to have been made by the trial court. Plaintiff now cites section 580 of the civil code. That code provision does not help to determine the question whether the trial court committed error, and on appeal that is the only matter which this court can consider. The trial court committed no error. It correctly decided the case on the evidence presented to it. Viewed in the light of the constitution,

section 580 of the civil code is not so efficacious as to provide a cure for a failure to fully present a cause in the trial court, although an uncritical reading of its text might suggest that interpretation. (See *In re Burnette*, 73 Kan. 609, 85 Pac. 575; and *Wideman v. Faivre*, 100 Kan. 102, 107, 108, 103 Pac. 619, and discussions in cases cited therein.)

The petition for a rehearing is denied.