No. 21,196.

ANNA M. MERKLE, by W. H. UPHAM, her Guardian, *Appellant*, v. JAMES R. HIATT, *Appellee*.

SYLLABUS BY THE COURT.

1. CONTRACT—*Support During Life—Reformation of Contract—Evidence.* The evidence examined, and held to be sufficiently clear, explicit, and satisfactory to support a judgment decreeing the reformation of a contract.

2. SAME—*Competency of Deposition.* Error assigned in overruling a motion to suppress a deposition of plaintiff which was taken in her behalf, examined, and not sustained.

3. SAME — *Operative Interpretation by Parties — Competent Evidence.* The operative interpretation of a contract, under which the parties thereto have acted for many years, is competent and potent evidence where the question of reforming the contract is in issue.

Appeal from Linn district court; CHARLES E. HULETT, judge. Opinion filed December 7, 1918. Affirmed.

*John A. Hall,* of Pleasanton, and *J. C. Cannon,* of Fort Scott, for the appellant.

*W. P. Dillard,* of Fort Scott, and *B. C. Garrison,* of Mound City, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff sued the defendant for an alleged breach of a written contract, dated in 1903, in which the defendant had agreed to pay the plaintiff—

"The sum of $25 per year, or whatever sum may be necessary for her care and support during her natural life."

The defendant's answer admitted the execution of the contract, alleged his full compliance therewith, that the true interpretation of the contract at the time it was executed and as understood by plaintiff and himself during all the years of its existence was that his obligation to plaintiff was for $25 per year, or so much thereof as might be necessary for plaintiff's care and support during her life, and he prayed that the written contract might be reformed accordingly.

The trial court reformed the contract, and the defendant prevailed.

Plaintiff appeals. Error is based upon the want of evidence to support the judgment. There seems to be no difficulty on that score. The circumstances attending the making of the contract were elaborately proved. The defendant, his daughter, and a disinterested neighbor testified as to the facts. True, other witnesses, whom the trial court did not believe, testified more or less to the contrary, but that is of no consequence on appeal. (*Wideman v. Faivre,* 100 Kan. 102, 163 Pac. 619; *Bruington v. Wagoner,* 100 Kan. 439, 164 Pac. 1057; *Brecheisen v. Clark,* 103 Kan. 662.)

The plaintiff held a life estate in eighty acres of land, which was not ordinarily very productive, and which was subject to occasional flooding by the Marias des Cygnes river. The defendant, who was plaintiff's son-in-law, held the fee to the remainder estate. He formerly rented the land from plaintiff. One unusual year 400 or 500 bushels of wheat were grown on the land, and plaintiff's share was one-third of the crop. But for some years he had rented the land for cash—$25.00 per year

and the taxes. Then defendant purchased plaintiff's life estate, but she declined payment in a lump sum because she feared another son-in-law would deprive her of the money, and she preferred to have defendant pay her some money whenever she needed it. For ten or eleven years, the defendant gave her small sums as she needed money. She lived around with her children, a while with one and then with another, sometimes with defendant. Her need of money was small. She never failed to receive money from defendant when she or any one on her behalf asked for it. She highly regarded the defendant, and often said of him: "I don't know sometimes what I would do if it wasn't for Jim."

No purpose would be served by reproducing the evidence at greater length; it has been carefully perused. Defendant's evidence was clear, explicit, and satisfactory, and its sufficiency to support the judgment is upheld.

Another error is urged: Counsel for plaintiff took her deposition, and later moved to suppress it on the ground that she was mentally incompetent when she gave it. The plaintiff's deposition was taken on June 29, 1914. Fifteen months later, on October 5, 1915, the plaintiff was adjudged to be a feeble-minded person and incapable of managing her business affairs. The record recites:

"The Court: This matter can be passed for the time being, and we will go ahead with the hearing of testimony in this case."

[Counsel for plaintiff]: "Well, I don't know. We have witnesses here, if the court please, solely on this subject, and it would be a great accommodation to the most of these witnesses if they could know whether or not they are to continue to remain here on this hearing.

"The Court: Well, I will expedite the matter. For the present I will admit the deposition and overrule the motion to take testimony upon the competency of this woman to give the deposition at the time it was taken."

[Counsel for plaintiff]: "Very well. Note our exception."

It will be observed that plaintiff's deposition was taken on her own initiative, or upon the initiative of those who assumed to act in her behalf. It was not taken at the instigation of defendant. Moreover, while plaintiff produced witnesses in an attempt to prove her incapacity at the time her deposition was taken, the fact that the deposition had been taken by her own counsel weighs strongly against the credence to be placed on the testimony to overthrow that deposition which was adduced

49—Kan.—3099.

by the parties who caused the deposition to be taken. Moreover, the deposition itself contains strong internal evidence that the plaintiff understood the contract she had made with the defendant, her son-in-law, many years before. The deposition does show that plaintiff did not seem to realize that she was suing her son-in-law for a large sum of money, and it did tend to show that those who were acting in her behalf had not been authorized by her to do so. Doubtless that was an embarrassing situation, but it in no way affected the issue before the court—the question whether the contract should be reformed. The operative interpretation of the contract by the parties themselves for ten years or more (*News Service v. Printing Co.*, 103 Kan. 402, 173 Pac. 980), and the positive and apparently reliable testimony of defendant and his witnesses, fully justified the judgment, regardless of the deposition; and it was not prejudicial error to overrule the motion to suppress it. Nothing further can be discerned in this case which requires discussion. The judgment is affirmed.