No. 22,715.

J. T. HOLT, *Appellee,* v. H. H. HALL and MYRTLE E. HALL,
*Appellants.*

SYLLABUS BY THE COURT.

ACTION—*To Recover Amount of Taxes Paid for and in Behalf of Defend-
ants.* 'The evidence examined, and held sufficient to sustain the judg-
ment that the defendant agents of certain taxpayers had obtained
from the county treasurer more tax receipts than they had paid for;
also that the county treasurer had made good the discrepancy out of
his own pocket; and the evidence was sufficient to sustain such a cause
of action against a defense of full payment.

Appeal from Linn district court; EDWARD C. GATES, judge.
Opinion filed December 11, 1920. Affirmed.

*J. I. Sheppard,* and *James G. Sheppard,* both of Fort Scott,
for the appellants.

*John A. Hall,* of Pleasanton, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff in his official capacity as county
treasurer of Linn county issued certain tax receipts to the de-
fendants without receiving the cash therefor. Plaintiff carried
the amount as a cash item on his personal responsibility for
some time, expecting payment. Plaintiff, then, as he was bound
to do unless he chose to treat the receipts as inadvertently
issued and to recall them for cancellation, made good the
amount to the county treasury out of his own pocket, and
brought this action, in his private capacity, for payment. He
prevailed and defendants appeal.

The only question presented touches the sufficiency of the
evidence to sustain the judgment, and that matter largely turns
on the veracity of the witnesses—who are not before us. We
have examined the evidence to support the judgment, not to
weigh it but to ascertain its existence. While defendants
claimed that they had paid the full amount due for all the tax
receipts issued at their behest, the plaintiff's evidence tended
strongly to the contrary; and since the judgment has sub-
stantial though controverted evidence to support it, it will have

to stand. (*Bruington v. Wagoner,* 100 Kan. 439, 164 Pac. 1057; *Wideman v. Faivre,* 100 Kan. 102, 106, 163 Pac. 619.)

That the custom of issuing receipts "in bunches" to trusted persons who sent, or who were later to send, their checks therefor, instead of requiring spot cash, United States currency, was not authorized by law is no defense to this action. The plea was full payment, and that was the tenor of defendants' evidence. But as the trial court did not believe that evidence, the controversy as to the facts is foreclosed; and this requires an affirmance of the judgment.

It is so ordered.