No. 23,914.

THE STATE OF KANSAS, ex rel. RICHARD J. HOPKINS, as Attorney-general, *Appellee,* v. THOMAS RAYL, *Appellant.*

OPINION DENYING A REHEARING.

Appeal from Reno district court; JESSE D. WALL, judge *pro tem.* Opinion denying a rehearing filed June 10, 1922. (For original opinion of affirmance, see 110 Kan. 576, 204 Pac. 1002.)

*C. M. Williams,* and *D. C. Martindell,* both of Hutchinson, for the appellant.

*Richard J. Hopkins,* attorney-general, *C. B. Griffith,* assistant attorney-general, and *William H. Burnett,* county attorney, for the appellee.

The opinion of the court was delivered by

PORTER, J.: In a motion for rehearing it is urged that appellant's contention respecting the procedure in this court upon an appeal from a judgment of ouster under chapter 237, Laws 1911 (Gen. Stat. 1915, §§ 7603-7618), was not given sufficient consideration. In the original briefs the point was raised in the following language and without the citation of any authorities:

"Now as we understand proceedings of this character this honorable court retries this case, that is to say, this court passes upon questions of fact, as well as questions of law, and we respectfully submit that after reading all of this testimony, your honors must come to the conclusion that the testimony is insufficient to find this defendant guilty of willful misconduct in office."

The statute provides that—

"In all appeals . . . the supreme court may receive further testimony, and may adopt any procedure, not inconsistent with this act, which it may deem necessary for a full and final hearing and determination of the cause; and said court, on appeal, shall either affirm the judgment of the lower court, or enter such final judgment as it deems that justice may require." (Gen. Stat. 1915, § 7615.)

This statute is substantially the same as section 580 of the amended civil code, which reads:

"In all cases except those triable by a jury, as a matter of constitutional right, the supreme court may receive further testimony, allow amendments of pleadings or process, and adopt any procedure not inconsistent with this act which it may deem necessary or expedient for a full and final hearing and determination of the cause." (Gen. Stat. 1915, § 7484.)

Section 580 was considered in the case of *Hess v. Conway*, 93 Kan. 246, 144 Pac. 205, and it was said in the opinion:

"This court cannot consider the new evidence. If it had a thought of doing so it would be obliged to grant the adverse party time to produce countervailing evidence, which might possibly include impeaching evidence. The appellants would then likely desire to make a showing in rebuttal. The result would be that the court would have before it for determination a case which the district court could not identify as one which it had decided, and so this court would be plunged into an exercise of original and not appellate jurisdiction.

"In the case of *In re Burnette*, 73 Kan. 609, 85 Pac. 575, the distinction between original and appellate jurisdiction was pointed out, as well as the lack of power on the part of the legislature to confer original jurisdiction on this court. The constitution creates the court as it creates the legislature, and that instrument, which both the court and the legislature must respect and obey, expressly limited the court's original jurisdiction to proceedings in quo warranto, mandamus, and habeas corpus, and granted to the legislature no power to confer any but appellate jurisdiction." (p. 248.)

The original opinion in the case at bar cited *The State v. Lyons*, 97 Kan. 588, 155 Pac. 936, an appeal by the state from a judgment refusing to oust a member of the board of county commissioners, which was affirmed solely upon the ground that there was sufficient evidence in the abstracts to sustain the material portions of each finding. In the present case it might well have been said, as it was said in the Lyons case:

"No useful purpose would be subserved by debating the matter, and the ordinary rules, long established and well understood, govern." (p. 589.)

In *Wideman v. Faivre*, 100 Kan. 102, 163 Pac. 619, it was said:

"The supreme court's jurisdiction is invariably and exclusively original or appellate. There is never a confusion or blending of both." (Citing *Hess v. Conway*, supra, and other decisions.) (p. 108.)

In the original opinion we held that there was sufficient evidence to sustain the judgment of ouster. Nothing suggested in the petition for rehearing has altered our view of the matter and the rehearing is denied.