No. 26,797.

THE ÆTNA INSURANCE COMPANY et al., *Appellees,* v. FRANK L. TRAVIS (WILLIAM R. BAKER, substituted), as Superintendent of Insurance, etc., *Appellant.*

(285 Pac. 522.)

Opinion on motion to amend judgment filed March 8, 1930.

*William A. Smith,* attorney-general, *John G. Egan,* assistant attorney-general, and *John F. Rhodes,* of Kansas City, Mo., for the appellant.

*Robert Stone, James A. McClure, Robert L. Webb, Beryl R. Johnson,* all of Topeka, and *R. J. Folonie,* of Chicago, Ill., for the appellees.

*Per Curiam:* On March 3, 1930, the plaintiff insurance companies and the superintendent of insurance, defendant herein, by their respective counsel presented to this court certain matters which have transpired in this cause since this court announced its decision herein on October 8, 1927 (121 Kan. 802, 257 Pac. 337, 124 Kan. 350, 259 Pac. 1068). It appears that following our decision the plaintiffs applied to the supreme court of the United States for a writ of *certiorari.* This was denied (*Ætna Insurance Co. v. Baker,* 276 U. S. 628, 72 L. Ed. 740). It also appears that thereafter the plaintiff insurance companies, some one hundred and forty-nine in number, instituted proceedings in the United States district court,

the exact nature of which is not shown, but apparently raising questions affecting certain moneys impounded during the pendency of this litigation. Following these maneuvers and perhaps because of them the plaintiffs and the superintendent of insurance, by their respective counsel, negotiated a settlement of whatever matters were in controversy between them, which settlement includes an agreement that the fire insurance rate orders of the superintendent of insurance dated January 20, 1922, which were the subject of the litigation in the cause determined by this court on October 8, 1927, should be modified in various details and now construed to be effective as of March 1, 1922, and certain other insurance rates should be promulgated and made effective as of January 1, 1930. This settlement agreement is now submitted to us. Attached thereto are orders of the superintendent of insurance dated February 28, 1930, promulgating the modified insurance rates as agreed to by the litigants, and the agreement contains the following paragraph of present concern to this court:

"It is the intention of the parties to apply to the supreme court of Kansas in the case pending there to review the rate order, for an order, judgment and mandate of said court which will permit the district court of Shawnee county to enter a final judgment in said case to carry out this agreement of settlement as to the controversy there pending, and the parties will also apply to said district court of Shawnee county, Kansas, for said purpose."

It is in accordance with this agreement of the parties plaintiff and defendant and of their counsel that the joint motion is now made that this court amend its judgment as announced on October 8, 1927, and remand the cause to the district court with directions to enter judgment according to the stipulation of the parties dated February 18, 1930, based upon the amended orders of the superintendent of insurance promulgated February 28, 1930.

It is rather obvious that the matters just outlined extend quite measurably beyond the scope of this court's appellate jurisdiction. The action originated in the district court of Shawnee county to restrain the superintendent of insurance from putting into effect the insurance rate promulgated by him on January 20, 1922. That court granted the injunction prayed for by the plaintiff insurance companies. Our appellate jurisdiction was invoked by the state to review specified errors inherent in that judgment. That constituted the scope of our appellate jurisdiction. Nothing more. In *Wideman v. Faivre,* 100 Kan. 102, 107, 108, 163 Pac. 619, where this court

was asked to consider affidavits, blue prints and photographs not presented to the trial court, we said:

"This court has jurisdiction of a cause in one of two ways—by an invocation of its original constitutional jurisdiction in *mandamus, quo warranto,* or *habeas corpus,* or through its appellate jurisdiction where it reviews alleged errors of trial courts. . . . In the latter, when we sit to review the work of a trial court, we are limited to the record made in that court; . . . The supreme court's jurisdiction is invariably and exclusively *original or appellate.* There is never a confusion or blending of both. (*Hess v. Conway,* 93 Kan. 246, 144 Pac. 205; and other citations.)"

The matters involved in the settlement agreement and in the orders of the superintendent of insurance modifying the insurance rates for the period covered by this litigation, and promulgating other rate orders effective for the future, have not had the attention of the trial court. We therefore deem it outside the scope of this court's appellate jurisdiction to deal with them. Moreover, the courts of this state do not have rate-making powers. Our functions are judicial, not legislative or administrative. Rate making is a legislative function, and this court has consistently and scrupulously refrained from every appearance of exercising rate-making power. (*State, ex rel., v. Flannelly,* 96 Kan. 372, 382, 152 Pac. 22; *City of Hutchinson v. Hutchinson Gas Co.,* 125 Kan. 346, 354, 355, 264 Pac. 68.)

However, this court has no inclination to lean backwards on this important subject. It would merely observe that the superintendent of insurance has ample authority to approve, modify or change insurance rates, and he needs no judicial sanction of this court or of the district court to exercise the functions of his office. The legislature has vested him with power, and his is the responsibility. So, too, within the limits of R. S. 75-702 and other statutory provisions in *pari materia* the attorney-general has discretionary power to prosecute, defend, compromise and dismiss lawsuits in which the state is interested; and while the joint motion to amend our judgment will have to be denied for the reasons outlined above, its denial should not be construed to mean a denial of the right of the parties to carry their agreed settlement into effect, nor as a restriction on the power of the district court to deal as it may be advised with all such matters incidental to the main cause as have arisen since its judgment was entered on October 24, 1925.

Of necessity this court must retain jurisdiction with respect to

the bonds filed in this court pursuant to its order of November 28, 1927, for the purpose of dealing with matters which may arise pertaining thereto.

It is so ordered.