No. 33,296

CLARENCE F. KELLEY, *Appellant,* v. THE STATE OF KANSAS and THE KANSAS SOLDIERS' COMPENSATION BOARD, *Appellees.*

(66 P. 2d 556)

Opinion filed April 10, 1937.

*Ezra Branine, Alden E. Branine* and *Fred Ice,* all of Newton, for the appellant.

*Clarence V. Beck,* attorney general, *William E. Scott,* assistant attorney general, and *Harold M. Hauser,* special assistant attorney geenral, for the appellees.

The opinion of the court was delivered by

SMITH, J.: This was an action involving the claim of a soldier for compensation under article 1, chapter 73, of the Revised Statutes of 1923. Judgment was entered denying compensation. The soldier appeals.

The compensation was denied on the ground that the soldier was not a resident of the state of Kansas at the time he entered the service. The soldier was born and reared in Marion county, Kansas. At the time of the death of his father in 1912 the family con-

sisted of the father, an unmarried daughter, a son, and this soldier. After the father's death the three children lived together in the house for some years. In 1916, when appellant was about 20 years old, he went to Kansas City, Mo., and learned the embalming business. He returned to Marion from Kansas City and left Marion again for Blackwell, Okla., in August, 1916. He stayed in Blackwell until about the middle of October, 1916, when he went to Muskogee, Okla., where he worked for an undertaking company. He left part of his belongings in the home at Marion.

His testimony at the hearing in the trial court was that he intended to return to his home at Marion, Kan., as the job in Muskogee was only a temporary one.

On April 6, 1917, the soldier married a young woman who at that time lived at Florence, Kan., and was teaching school in Oklahoma. At the time he applied for the marriage license he gave his address as Marion, Kan. After the marriage his wife returned to Oklahoma to finish her term of school and the soldier continued on his job at Muskogee until in June, 1917, when he was taken sick with smallpox. He and his wife never lived together in Oklahoma prior to his entering the service. After he recovered from smallpox the soldier returned to his home in Marion and remained during convalescence. After that he returned to his job in Muskogee and remained until he was inducted into the service. After receiving his first notice he returned to Kansas and remained at Marion until he was called into the army on September 19, 1917. After being discharged from the army he received travel pay to Marion. During the time he was in the army his wife stayed part of the time with her father at Florence, Kan., and part of the time with the soldier's sister at Marion.

From the evidence about as set out above, made up largely of the testimony of the soldier, together with some affidavits, the court found the soldier was not a resident of Kansas at the time he entered the service, and judgment was entered accordingly. He appeals from that judgment.

The question of whether or not a soldier was a resident of Kansas at the time he entered the service during the World War is one of fact. (See *Baldwin v. Soldiers' Compensation Board,* 117 Kan. 129, 230 Pac. 315; also, *Deckwa v. Soldiers' Compensation Board,* 121 Kan. 858, 250 Pac. 332.)

In deciding a case the court must hear the testimony and decide the case in the light of all the surrounding facts and circumstances.

The question turns largely on where the soldier intended to make his home. He testified he intended to make his home at Marion, but the court was not bound to give that and other evidence of claimant implicit credence. (*Peoples National Bank v. Diven,* 135 Kan. 400, 10 P. 2d 883.) The court had the duty to decide this question and to consider all the circumstances in reaching a decision. Since the trial court decided this question of fact against the claim of the soldier, and there was some evidence to sustain it, this court is unable to reach a different conclusion on the facts. (See *Bruington v. Wagoner,* 100 Kan. 439, 164 Pac. 1057, and cases cited.)

The bit of testimony on the part of the soldier which may have caused the court to reach the conclusion it did was the following:

"Q. And if you found work, did you intend to stay there and work? A. Yes, sir; if it was permanent."

At any rate, it cannot be said that there was no evidence at all to support the finding of the trial court.

The judgment is affirmed.