No. 35,654

WILLIAM H. SNYDER, *Appellee*, v. W. H. LASSEN, Special Administrator of the Estate of Garland H. Lichty, Deceased, *Appellant*, C. M. BEACHY and THE SNYDER ICE CREAM COMPANY, *Appellees*.

(138 P. 2d 274)

Opinion on rehearing filed June 12, 1943. (For original opinion of affirmance see 156 Kan. 230, 132 P. 2d 624.)

*George Siefkin*, of Wichita, argued the cause, and *Robert C. Foulston, Samuel E. Bartlett, Lester L. Morris, George B. Powers, Carl T. Smith, C. H. Morris, John F. Eberhardt* and *Paul H. White*, all of Wichita, were on the briefs for the appellant.

*Glenn Porter*, of Wichita, argued the cause, and *Getto McDonald, Dwight S. Wallace, William Tinker* and *Arthur W. Skaer*, all of Wichita, were on the briefs for appellee William H. Snyder; *Claude I. Depew, W. E. Stanley, Lawrence Weigand* and *William C. Hook*, all of Wichita, were on the briefs for appellee Snyder Ice Cream Company; *W. A. Kahrs*, of Wichita, argued the cause, and *C. A. McCorkle, Robert H. Nelson* and *Henry L. Butler*, all of Wichita, were on the briefs for appellee C. M. Beachy.

## OPINION ON REHEARING

The opinion of the court was delivered by

DAWSON, C. J.: For reasons which appeared sufficient to the court, appellant's motion for a rehearing was granted. The cause was again briefed and argued at length, and upon further exhaustive consideration our first judgment of affirmance announced in 156 Kan. 230, 132 P. 2d 624, is adhered to.

Included in the motion for a rehearing was a request that in the event of a reaffirmance we should interpret the trial court's finding of fact and conclusion of law which pertain to an offer of defendant Beachy to erect a trust fund for the benefit of the minor heirs of Lichty out of a proportionate increase of the assets of the Snyder Ice Cream Company accruing to the 135 shares of stock acquired by him, which was the crucial issue in this litigation. But this matter is still pending in the district court; nobody is complaining about it; and clearly it is not now open to appellate review. (*Wideman v. Faivre*, 100 Kan. 102, 108, 163 Pac. 619.)

The judgment is reaffirmed.

HARVEY, J. (dissenting): Plaintiff brought this action on behalf of the corporation, primarily against Lichty as the principal stock-

holder and manager of the corporation, alleged that because of his inattention to the corporation's business and his dissolute habits the business of the corporation was disintegrated; that Lichty had used large sums of the corporation's money without authority; asked for an accounting and other proper relief, and that the sum found due from Lichty be adjudged a first lien upon Lichty's stock, which had been pledged to Beachy to secure a loan. A trial resulted in a judgment for plaintiff, a finding of the amount due plaintiff from Lichty, directed it should be a lien on his stock, found the amount of stock Lichty owned, and that it was pledged to Beachy for a loan, which was a first lien on the stock, and found the amount of that indebtedness. Later, and for good cause shown, the trial court set aside this judgment, and plaintiff filed an amended petition, the principal purpose of which was to set up the bylaw of the corporation providing it should have a first lien upon stock for the amount the holder of the stock owed the corporation. Pending the reforming of the issues Lichty died, and his administrator tendered Beachy the full amount of Lichty's indebtedness to him and demanded the stock, which Beachy refused to deliver. The administrator then brought a replevin suit against Beachy for the stock. He also applied to have this action revived in his name as administrator. The parties completed filing pleadings in which Beachy, in a pleading upon his behalf, claimed ownership of the stock formerly owned by Lichty. This was denied by the administrator. The court stayed the trial of the replevin suit over the objection of the administrator, who then asked for a jury trial in this case upon the issue of Beachy's claim of ownership of the stock. This was refused.

Plaintiff was only indirectly concerned with the issue of whether Lichty's administrator or Beachy was the owner of the stock. In a replevin suit the parties would have had a right to a jury trial. I think the court should have permitted that issue to have been tried by a jury either in the replevin action or as a separate issue in this action.

If the court retained that question for trial as being one involved in the suit in equity, then I think a wrong result was reached. One who holds property as a pledge for debt ordinarily should be satisfied to have his debt paid. To justify a claim that Beachy's status as it related to the stock had been changed from that of pledgee to owner required clear and convincing evidence. I recognize it was the trial court's function to determine whether the evidence on that

matter was clear and convincing, but the record respecting that matter, in my judgment, is such that different minds might have reached different conclusions upon it. In any event, it is naturally and rightfully a jury question, and in my judgment the court went beyond his proper function in undertaking to decide it himself.

Perhaps I could overlook that if it were not for the fact that I am convinced from this record a decidedly inequitable result was reached. Lichty's real indebtedness to Beachy was about $17,000; his indebtedness to the corporation was about $12,000. In the last trial of this case the court found the book value of the 135 shares of stock, the ownership of which was in controversy, was more than $53,000. It is true the value of that stock had been enhanced somewhat by the proceeds of a life insurance policy which the corporation carried on the life of Lichty, but even deducting that, the book value of the stock was as much as $18,000 or $20,000 more than Lichty's indebtedness to Beachy and to the corporation. The result of the affirmance of this judgment is to deprive Lichty's administrator and those entitled to a distributive share of his estate of a substantial sum which in equity they should have.