16193

HARRISON v. LANOWAY
(52 S. E. (2d) 264)

*Messrs. Price & Poag and Wyche, Burgess & Wofford,* all of Greenville, *for Appellant,*

*Messrs. Williams & Henry,* of Greenville, for respondent,

March 9, 1949.

STUKES, Justice.

Appellant owns the residence lot at the northwest corner of Townes Street and Stone Avenue in the City of Greenville. Adjoining him on the west is the similar lot of respondent. Both lots front on Stone Avenue. Appellant acquired his in 1936 by deed in which it is described as having a frontage of sixty-five and one-half feet, commencing on the northwest corner of Stone Avenue and Townes Street. Respondent purchased her lot in 1944 and her deed describes a frontage of sixty-five and one-half feet on Stone Avenue which begins sixty-five and one-half feet (appellant's inter-

vening frontage) from the northwest corner of Stone Avenue and Townes Street.

There is an old hedge, extended by a connecting fence at the rear, between the residences and running back from Stone Avenue. Respondent became doubtful soon after her purchase that it marked the dividing line, so she employed a surveyor to survey the lot and determine the true location of the boundary. He found that the hedge was not upon the true boundary and that the center of it was about four and one-half feet west of the line. Apparently as a check upon his work, respondent employed another surveyor who reached the same conclusion. They also surveyed several lots lying to the west of respondent and determined that their location of her eastern line which adjoined appellant fitted these other nearby lots, all of which are of the uniform frontage on Stone Avenue of sixty-five and one-half feet.

Appellant employed a third surveyor who determined that the hedge was upon the true line, which result he reached by concluding that Townes Street as now used, laid out and claimed by the city, is about five feet to the east of its true location and that thereby appellant had gained an equal amount of frontage on Stone Avenue. However, Townes' Street has been in use for about fifty years and there was no other evidence of substance that it lies otherwise than originally laid out and granted to the city. The existence of the hedge for about thirty years (then several feet high) was established in the evidence but there was no other testimony as to when it was planted, who planted and cultivated it or with what intention. The properties have been occupied in the past largely by tenants of the owners.

Action was brought at law for possession of the strip of land in dispute and for damages. The answer contained a limited general denial and pleas of the statute of limitations and title by adverse possession and a counterclaim for money damages in an amount equal to that demanded in the prayer of the complaint. Appellant filed reply and there was a gen-

eral order of reference, by consent, to the Master. When the case came on for trial the respective claims of the parties for damages were withdrawn.

Much evidence was adduced which included the testimony and maps of the surveyors, and several deeds and plats in the respective chains of title were introduced. The nature of the action and the grounds of appeal render full statement of the evidence unnecessary.

The Master concluded in accord with respondent's contention and recommended that the disputed boundary line be fixed at a beginning point on Stone Avenue sixty-five and one-half feet from the west side of Townes Street as it exists and running back parallel to the latter and recited in his report that the effect was to confirm in each of the parties the extent of property described in the respective deeds to them, that is, that each would have a frontage of sixty-five and one-half feet on Stone Avenue which they had bought in accord with the descriptions in their deeds. The trial Judge heard arguments upon exceptions to the Master's report and confirmed it in a well considered order.

The case comes to this Court upon exceptions which have been briefed to present five questions which need not be set out but they will be disposed of by what is said. Unfortunately for appellant they all depend upon facts which have been found by the Master and Trial Judge to be contrary to appellant's contentions. The action is one at law and the conclusions of fact of the Circuit Court are binding upon this Court in view of the support of them in the evidence. In law cases the jurisdiction of this Court extends merely to correction of errors of law and a factual conclusion which is uninfluenced by error of law becomes justiciable upon appeal of such cases only when our review of the evidence before the trial court discloses none which reasonable supports the questioned factual finding. It is not our function to weigh the evidence. See the many South Carolina decisions in 3 S. E. Dig., page 672 *et seq.,* Appeal and

Error, 1010. We find no lack of support in the evidence for the facts found in this case and no influencing error of law has been pointed out, which should end our review of it.

Title to land by adverse possession arises upon the existence of an impressive number of facts. In view of the many authorities upon the subject it need not be defined again here. The cases are collected under that title in 2 S. E. Dig., Adverse Possession, page 296 *et seq.* It need only be said that the evidence before the lower court fell far short of the establishment of title to the disputed strip of land by the adverse possession of appellant or his predecessors in title. The Trial Judge aptly stated the common knowledge relating to hedges and that they are frequently planted on one's own premises rather than on the boundary of an adjoining owner. They spread with age and growth and would soon constitute an encroachment if set on a boundary, requiring, moreover, entry on the neighbor's premises to trim and cultivate. The origin of the hedge in this case is undisclosed by the evidence, as has been said. The lots were formerly owned by one proprietor and dealt with as one, with a frontage of one hundred thirty-one feet on Stone Avenue. The division came first of record by a deed dated March 31, 1909. It is possible under the evidence that the single owner first planted the hedge and the location missed the line of equal division of the lot which was later established by survey. None of the deeds whereby the separate lots were conveyed mentioned the hedge as a boundary which negates the acceptance of it as a monument.

The question of boundary by acquiescence and estoppel is argued and specially relied upon by appellant is the recent decision of *Klapman v. Hook,* 206 S. C. 51, 32 S. E. (2d) 882. There a dividing line marked on the ground was upheld against a conflicting plat which was made at the time of the survey and division of a tract of considerable acreage. The facts differentiate the cases. The line there was recognized as marked for a period of thirty-two

years. The disputed strip, thirty-three feet in width, was enclosed in large part, cultivated and built upon. It is quite apparent that the authority of the *Klapman* case is inapplicable here. Estoppel and acquiescence were held unavailable in view of the contrary factual findings by the lower court, as here, in the Kansas case of *Wideman v. Faivre,* 100 Kan. 102, 163 P. 619, Ann. Cas. 1918B, 1168, which also concerned a hedge found upon conflicting evidence to have been planted near the boundary instead of upon it.

The exceptions are overruled and the judgment affirmed.

BAKER, C. J., and FISHBURNE, TAYLOR and OXNER, JJ., concur.