19390

Fannie B. DILLARD, Appellant, v. Mary BLACKMAN, Respondent

(187 S. E. (2d) 643)

*Messrs. Thomas W. Whiteside and Paul R. Hibbard,* of Spartanburg, *for Appellant,*

*T. E. Walsh, Esquire,* of Spartanburg, *for Respondent,*

March 15, 1972.

LITTLEJOHN, Justice.

This action at law was brought to try title to a strip of land about four or five feet wide and about sixty feet long, between the dwelling house of the plaintiff and the dwelling house of the defendant.

Originally, W. R. Brown owned the property of both the plaintiff and the defendant. The lots are shown on a plat made for him in 1910. In 1910 he sold Lot No. 4 to Ellen Goode; she owned it until her death about 1960. Plaintiff is her only heir and has title through inheritance.

In 1935 the defendant bought the adjoining lot, No. 3, at a foreclosure sale and has owned it since.

The plaintiff has alleged that she and her predecessor in title have maintained a hedge on the disputed property for more than 40 years, and contends that the hedge is on her property.

The defendant has denied that the hedge is on the property of the plaintiff, and alleges that she owns the strip on which the hedge is located. Defendant contends that the line between the properties is as shown on the plat made for

W. R. Brown in 1910. Her deed includes the strip of land in dispute.

The Master in Equity, before whom the issues were tried, and the trial judge, held that the plaintiff had not proved her case and held that the true line between the properties of the parties to this action is as shown on the Brown plat and as described in all deeds. Plaintiff has appealed.

The sole question for determination of this Court is as follows:

"Does the record contain evidence to support the findings of the Master, concurred in by the county judge, that the Boundary between these lots was not acquiesced in or fixed by mutual understanding of the parties at a different location from the boundary line set forth in the deeds?"

At the hearing of the exceptions to the master's report before the trial judge, and in this Court, the plaintiff rested her case on the contention that the line had been fixed by acquiescence, mutual agreement, and intent.

We review the record for the purpose of determining whether the findings of the lower court are supported by the evidence.

The hedge was planted after Ellen Goode took title to Lot 4 in 1910 and before the defendant took title to Lot 3. There is testimony which indicates that the plaintiff and/or Ellen Goode trimmed the hedge from time to time and that the defendant trimmed the hedge from time to time, from their respective sides.

The defendant constructed a fence between the hedge and her house. The plaintiff argues that by so doing she agreed that the fence was the line. Defendant explains that she built it for the purpose of keeping her dog at home, and not for the purpose of establishing a line.

Neither party knew the exact location of the line between the two lots for many years. It came into dispute when the plaintiff employed a surveyor to locate the corners. This

survey located the line in keeping with the Brown plat and in keeping with all deeds.

According to the testimony of the defendant, she had been claiming the property on which the hedge is located for 35 years. On cross examination she said:

"Q. I'll ask you again, you have sat idly by for some 33 years, 35 years since you bought the property and done nothing about it until this survey was made and the pin was put out there?

"A. No.

"Q. Tell us what you done about it?

"A. I'm telling you now about a year or two after that. I told Mrs. Ellen Goode that she was over the line.

"Q. And that's all you did about it?

"A. I didn't go into no lawsuit like they've done. She just fussed and went on so until I didn't see no more to it."

In 1951 Ellen Goode gave a mortgage covering her house and lot. In 1965 and 1966 and 1969 plaintiff gave mortgages on the same property. All mortgages described Lot 4 only. In 1962 the plaintiff returned the property for taxation with the Auditor of Spartanburg County, over her signature, describing a lot "60' x 80'." In 1970 the auditor's return for taxation is in the name of the estate of Ellen Goode, and is described as "178 Aden Street." None of the mortgages and tax returns intimate ownership of more than 60 feet. Although such is not necessarily conclusive it is certainly indicative of what the plaintiff and Ellen Goode claimed to own.

It is the contention of plaintiff that Mrs. Goode had acquired this narrow strip prior to 1935 when the defendant purchased. The finder of fact in the court below did not so conclude. We agree.

The holding of this Court as stated in the opinion of the late Chief Justice Stukes, then Justice Stukes, in the case of *Harrison v. Lanoway*, 214 S. C. 294,

52 S. E. (2d) 264 (1949) is applicable here, and equally controlling:

"Unfortunately for appellant they all depend upon facts which have been found by the Master and Trial Judge to be contrary to appellant's contentions. The action is one at law and the conclusions of fact of the Circuit Court are binding upon this Court in view of the support of them in the evidence. In law cases the jurisdiction of this Court extends merely to correction of errors of law and a factual conclusion which is uninfluenced by error of law becomes justiciable upon appeal of such cases only when our review of the evidence before the trial court discloses none which reasonably supports the questioned factual finding. It is not our function to weigh the evidence. See the many South Carolina decisions in 3 S. E. Dig., page 672 *et seq.,* Appeal and Error, 1010. We find no lack of support in the evidence for the facts found in this case and no influencing error of law has been pointed out, which should end our review of it."

Appellant relies on the case of *Klapman v. Hook,* 206 S. C. 51, 32 S. E. (2d) 882 (1945), wherein the Court held that title had been acquired by acquiescence and mutual intention. In that case the Court said that, ". . . the undisputed facts raise a conclusive presumption that the line acquiesced in by the parties for a period of thirty-two years is the true boundary line." *Klapman* is of no comfort to the plaintiff. Here the evidence is disputed; the trier of the facts found that the parties did not agree to or acquiesce in a new line.

The judgment of the lower court is

Affirmed.

Moss, C. J., and Lewis, Bussey and Brailsford, JJ., concur.