20146

MYRTLE BEACH SEAFOOD MARKET, INC., Respondent, v. James C. RIKARD, Appellant

(221 S. E. (2d) 399)

*Messrs. Gregory & Gregory,* of Lancaster, *for Appellant,*

*E. Windell McCracken, Esq.,* of Myrtle Beach, *for Respondent,*

January 7, 1976.

NESS, Justice:

This appeal is from a judgment in favor of the respondent in an action brought by plaintiff-respondent, Myrtle Beach Seafood Market, Inc., to recover for goods sold to defendant-appellant, James C. Rikard.

The sole issue is whether the amount owed to the respondent is due from the appellant individually or from a corporation which he was a principal stockholder.

The appellant operated two restaurants which were owned by Santee Peddler, Inc. He purchased articles from the respondent in the stipulated amount of $6,612.10, which was billed to "Embers" and "Peddler Steak House." The appellant's only defense is that the amount due is owed by the corporation.

The Master and the Trial Court found that the amount was owed by the appellant. We agree.

The testimony of the plaintiff and its witnesses were controverted by testimony of the defendant. The issue, therefore, is wholly a factual one and this Court has held that in law cases if there is any evidence to support the findings this Court is thereby bound, as it is not the function of this Court to weigh the evidence. *Dillard v. Blackman,* 258 S. C. 158, 187 S. E. (2d) 643 (1972); *Harrison v. Lanoway,* 214 S. C. 294, 52 S. E. (2d) 264 (1949).

The Master and Trial Judge might well have believed defendant's testimony and found against the plaintiff but since they opted to believe the testimony of the plaintiff and its witnesses, we as a reviewing court are without authority to disturb this factual finding where the evidence supports such finding.

The sufficiency of the evidence to support the verdict is the lone issue here and since we find from a canvass of the record that ample evidence was present to support the verdict, the judgment is affirmed.

Lewis, C. J., Littlejohn and Gregory, JJ., and Joseph R. Moss, Acting Associate Justice, concur.